LOCAL UNION No. 721, UNITED PACKINGHOUSE FOOD AND ALLIED WORKERS, AFL-CIO, appellant, v. NEEDHAM PACKING COMPANY, INC., d/b/a SIOUX CITY DRESSED BEEF, a corporation, appellee.

No. 50664.

(Reported in 119 N.W.2d 141)

JANUARY 15, 1963.

Harry H. Smith, of Sioux City, and Colton, Fruchtman & Watt, of Chicago, Illinois, for appellant.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, and James A. Gilker, of Fort Smith, Arkansas, for appellee.

HAYS, J.—Plaintiff, as bargaining agent for employees of the defendant, and defendant entered into a collective bargaining agreement which contained the following provision, being paragraph 33-C(5) thereof:

"In the event a dispute shall arise between the Company and the Union with reference to the proper interpretation of (sic) application of the provisions of this contract and such dispute cannot be settled by mutual agreement of the parties, such dispute shall be referred to a board of arbitration *upon the request of the Union.* * * * Said Arbitration Board shall have authority only to interpret and apply the provisions of this contract. Its award * * * shall be binding upon the Company and Union and upon the employees involved." (Italics added.)

The agreement, paragraph 9, provided: "It is agreed that during the period of this agreement the employees shall not engage in and the Union shall not call or sanction any slowdown, work stoppage or strike, and no lockout shall be inaugerated (sic) by the Company."

This equitable action brought by the Union seeks to spe-

cifically enforce arbitration by the Company of certain grievances filed by the Union and which the Company refuses to arbitrate. Generally, the facts as set forth in the pleadings are—In May 1961 the Company discharged an employee, such discharge being arbitral as to whether it was for just cause, as authorized by paragraph 8(a) of the bargaining agreement. Following such discharge 190 employees left their jobs and have refused to return until the question of just cause for the discharge of the one employee has been adjusted. The Company contends that by walking out the employees breached paragraph 9 of the bargaining agreement and that the same is no longer in force and effect. It is not seriously contended in this court that the 190 workers did not walk off the job and are still refusing to return thereto. Also, by counterclaim the Company asks substantial damages on account of the walkout. The Company made application to the court to rule upon three points of law, as provided for under rule 105, R. C. P.. to wit: (1) Plaintiff not entitled to relief since Iowa law denies specific enforcement of an executory agreement to arbitrate. (2) Plaintiff not entitled to relief since it has waived the right to enforce arbitration provision, by the walkout and by filing complaint before the NLRB to enforce its claim. (3) No grievance filed within time required by agreement and the right to arbitrate has expired. The trial court sustained defendant's contention as stated in Nos. (1) and (2) above and rejected No. 3, leaving for further determination the damage issue presented by the counterclaim. Plaintiff was granted permission to appeal under rule 332, R. C. P.

I. Error No. 1 is to the effect that the issues raised in the case must be determined under Federal law, not the state. It is conceded that the questions here come within the purview of section 301(a), U. S. Stat. at L., 1947, 29 U. S. C., section 185(a), which provides as follows: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The United States Supreme Court, while holding that State Courts may hear and determine controversies coming under section 301(a), held that in so doing they must apply and follow the Federal law. Dowd Box Co. v. Courtney, 368 U. S. 502, 82 S. Ct. 519, 7 L. Ed.2d 483. In the leading case of Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U. S. 448, 455, 77 S. Ct. 912, 917, 1 L. Ed.2d 972, 979, the court said "Plainly the agreement to arbitrate grievance disputes is the *quid pro quo* for an agreement not to strike. Viewed in this light, the legislation [section 301] does more than confer jurisdiction in the federal courts over labor organizations. It expresses a federal policy that federal courts should enforce these agreements on behalf of or against labor organizations and that industrial peace can be best obtained only in that way." (Italics ours.) See also Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers v. Lucas Flour Co., 369 U. S. 95, 82 S. Ct. 571, 7 L. Ed.2d 593; Atkinson v. Sinclair Refining Co., 370 U. S. 238, 82 S. Ct. 1318, 8 L. Ed.2d 462.

Appellee concedes in argument that Federal law must be applied so we need spend no further time on this assigned error except to say that under Federal law agreements to arbitrate may be specifically enforced. United Steelworkers of America v. American Mfg. Co., 363 U. S. 564, 80A S. Ct. 1343, 4 L. Ed.2d 1403; United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U. S. 574, 80A S. Ct. 1347, 4 L. Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U. S. 593, 80A S. Ct. 1358, 4 L. Ed.2d 1424.

II.   Error is claimed on the court's ruling that right to arbitration was waived by the walkout. The appellant cites and relies upon the three steelworker cases, last above cited. In those cases arbitration was ordered but in none of them was the breach of a no-strike clause involved as it is in the instant case. We do not find that the exact question before us has been determined, however there are cases dealing with the no-strike clause. Atkinson v. Sinclair Refining case, supra, is an action by the Refining Company to recover damages for a breach of a no-strike clause in bargaining agreement. Defendant moved to stay proceedings pending arbitration. The stay was denied,

the court saying the agreement expressly provides that arbitration may be invoked only at the option of the Union. At no place in the contract does the Union agree to arbitrate at the behest of the Company. The Company is to take its claim elsewhere, which it has now done. In Drake Bakeries Inc. v. Local 50, American Bakery & Confectionery Workers International, AFL-CIO, 370 U. S. 254, 265, 82 S. Ct. 1346, 8 L. Ed.2d 474, decided the same date as the Sinclair case, supra, the court ordered a stay of action for damages on account of a breach of a no-strike clause pending arbitration. It bases its holding upon the all-inclusive provision in the agreement to arbitrate, saying that the arbitration agreement "obligated the Company to arbitrate its claim for damages from forbidden strikes by the Union".

While in the Drake Bakeries case the Company contended, under the "quid pro quo" rule (see Lincoln case supra), there was a waiver of right to arbitrate, the court states no such action was taken by the Company and no decision was made thereto. In the instant case we are squarely faced with issue of a waiver of right to arbitrate because of breach of no-strike clause.

In the Warrior and Gulf case, supra, the court said, page 583 of 363 U. S.: "A collective bargaining agreement may treat only with certain specific practices, leaving the rest to management but subject to the possibility of work stoppages. When, however, an absolute no-strike clause is included in the agreement, then in a very real sense everything that management does is subject to the agreement * * *."

Whether the "quid pro quo" rule will be followed to the extent of declaring a breach of a no-strike clause constitutes a waiver of rights to arbitrate under the agreement depends upon the view to be taken of section 301(a), supra. Clearly, under said rule, work stoppage by strikes, etc. is not conducive to economic tranquillity and progress. If the view is taken that a strike is merely another incident or grievance which should be decided as are other contract violations, it would seem the Company has relinquished many valuable rights and received nothing in return and arbitration agreements will be shied away from. In fact the purpose of section 301(a) will be entirely emasculated. If, on the other hand, the view is taken that a no-strike

clause means what it says and that if the Union has the right to require arbitration of differences arising between it and the Company then the Company has a similar right to have the Union abide by its agreement we are well along the road to labor and management tranquillity. It "should not have its cake and eat it too." We think the "quid pro quo" view advanced in the Lincoln case, supra, is the sound and sensible rule to adopt. This is the view in effect taken by the trial court and though Iowa laws were being applied we see no conflict with the Federal laws and think that actually it was Federal law that was used. We think the trial court was correct in holding the Union had waived its right to arbitrate the grievances filed by its walkout.

Two other matters are urged but we find no merit therein and make no comment thereon.

The order of the trial court is affirmed and cause remanded for further proceedings pending therein.—Affirmed and remanded.

GARFIELD, C. J., and LARSON, THOMPSON, PETERSON, SNELL and MOORE, JJ., concur.

THORNTON, J., dissents.

STUART, J., takes no part.

THORNTON, J. (dissenting)—I respectfully dissent. The pleadings in this case should not be construed to hold that a violation of the no-strike clause is admitted or stands undenied. The question is not ready for decision under rule 105, Rules of Civil Procedure.

Further, the parties have agreed on a tribunal for the determination of questions arising, "with reference to the proper interpretation or application of the provisions of this contract." This provision is not a narrow one. It includes the no-strike clause. The fact that arbitration may be instigated only at the request of the union should not be determinative. The company has so agreed. Whether or not there has been a violation of the no-strike clause is proper for the arbitrators to consider in

determining the grievance. A waiver would go to the merits of that question.

What I believe to be the error in the majority opinion is holding that once an evidence of a violation of a no-strike clause appears the parties are no longer required to arbitrate. Under the broad provision for arbitration violations by both parties must be considered by the arbitrators.

Under the provisions of this contract where the union has requested arbitration in accordance with the contract that proceedings should be compelled. The company is denied no rights. It has agreed to be bound by the award of the arbitrators. If after that proceedings is complete it has a damage claim it may proceed in the courts. That is no concern of ours at this time. I would reverse.