**G. F. WRIGHT STEEL & WIRE COMPANY, Defendant, Appellant,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL-CIO, Plaintiff, Appellee.**

No. 6475.

United States Court of Appeals First Circuit.

June 21, 1965.

Warren C. Lane, Jr., Worcester, Mass., Robert A. Armstrong, Washington, D. C., Robert H. Golden, Worcester, Mass., with whom Bowditch, Gowetz & Lane, Worcester, Mass., was on brief for appellant.

Warren H. Pyle, Boston, Mass., with whom Angoff, Goldman, Manning & Pyle, Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, BREITENSTEIN,* Circuit Judge, and GIGNOUX, District Judge.

* By designation.

ALDRICH, Chief Judge.

These are two suits brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to compel an employer to honor its undertaking to submit to arbitration "differences * * * as to the meaning and application of the provisions of * * * [the] Agreement." The district court granted summary judgment for the union in each case and the employer appeals. The collective bargaining agreement provided that it "shall continue in effect to and including midnight of August 31, 1964, provided, however, that either party may, 60 days prior to August 31, 1963, give written notice to the other party of its desire to negotiate with respect to wage rates." The union gave timely notice, and in accordance with section 8(d) of the National Labor Relations Act, 29 U.S.C. § 158(d), notified also the federal and state mediation services. Negotiations having produced no settlement, the union struck on April 13, 1964. Four days later the employer informed the striking employees that they had been discharged.

█ The union claims that the discharges were in violation of the contract, which proscribes "unjust * * * unfair or discriminatory discharges," or at least that an arbitrator might so find. In this court the employer argues that the strike was itself in violation of the contract's no-strike clause, and that for several reasons, although not *ipso facto,* see Local Union No. 721, United Packinghouse Food and Allied Workers AFL-CIO v. Needham Packing Co., 1964, 376 U.S. 247, 84 S.Ct. 773, 11 L.Ed. 680, this relieved it of all of its contractual obligations. Since we believe an arbitrator, not we, must pass on the employer's initial premise, we have no occasion to consider the validity of its further reasoning.

It is conceded that the union was entitled to strike within the last year of the contract in order to achieve a modification with respect to "wage rates" and that under the contract a strike for any other purpose would be a breach. The affidavits submitted by the parties are in agreement that at the commencement of negotiations in 1963 the union submitted a demand for extended vacation benefits, explaining that it considered this to be part of wages, and that it later proposed a profit-sharing arrangement as a basis for settlement. The affidavits differ as to the employer's reaction. The union claims that the employer acquiesced in this interpretation and, indeed, submitted its own proposals for an extended vacation plan and a savings plan. The employer claims that it never agreed that "wage rates" comprehended vacations, and that it continually advised the union that its discussion of the matter was without prejudice to its position.

█ No mutually accepted facts compel the conclusion that the strike was in violation of the contract. It does not inescapably appear that vacations are not included in the category of "wage rates" in the light which may have been thrown upon that issue by the interpretation placed upon the term by the parties, that the parties did not agree in their 1963 negotiations to expand the scope of the "wage rate" reopener, and that a strike for other demands was a material breach if the union made clear that it was prepared to settle for reasonable changes in "wage rates." Nor do we think it the role of the court to take evidence and make findings which would enable it to decide these issues. Where the defense to a suit for arbitration is simply that the claim does not come within the arbitration clause a court "is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract." United Steelworkers of America v. American Mfg. Co., 1960, 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403. See United Steelworkers of America v. Warrior & Gulf Nav. Co., 1960, 363 U.S. 574, 582–583, 80 S.Ct. 1347, 4 L.Ed.2d 1409. There is no reason why it should go any further than the face of the contract when other provisions, such as the no-strike clause here, are invoked as a defense.

■ The notices required by section 8(d) of the National Labor Relations Act having been filed, the strike did not violate that provision unless it also violated the contract. That being unclear, we repeat what we said in Trailways of New England, Inc. v. Amalgamated Ass'n of Street, Elec. Ry. and Motor Coach Employees, 1 Cir., 1965, 343 F.2d 815, that "an employer must arbitrate grievances arising from the discharge of strikers even where the strike may have been an unfair labor practice in violation of section 8(d). We decline to decide whether the same result would obtain where a strike was admittedly or clearly a violation of 8(d)." * As in Trailways, it would be premature to decide now whether the employer may press its section 8(d) defense before the arbitrator, or lost that defense by failing to file a timely unfair labor practice claim with the National Labor Relations Board. Upon petition for enforcement of a decision rendered by the arbitrator, the legal significance under the National Labor Relations Act of any violation of section 8(d) found by the arbitrator would of course be a question for the court to decide. We leave to a future time whether the court's scope of review of a finding by the arbitrator that the union did or did not break the contract, as a predicate for a decision on the significance of a violation of section 8(d), would be any broader than that which normally obtains in an enforcement proceeding. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

■ Abstention from deciding whether the strike violated the contract necessarily requires us to forego passing on the employer's second line of defense, that under the allegedly special circumstances of this case the union's breach of the no-strike clause amounted to a complete repudiation of the contract relieving the employer of all obligations.

Finally, we do not agree with the employer that events, which included the hiring of replacements, during the more than two months that the union waited after the discharges before filing grievances, necessarily amount to a "fundamental and long-lasting change in the relationship of the parties prior to the demand for arbitration," even if such might be "a circumstance which, alone or among others, would release an employer from his promise to arbitrate," Local Union No. 721, Packinghouse Food and Allied Workers v. Needham Packing Co., supra, 376 U.S. at 253, 84 S.Ct. at 777. What effect the arbitrator may give to these circumstances will be for him to decide.

Affirmed.

---

* The employer did not raise the section 8(d) defense below in so many words, but the disposition of this same defense in Trailways makes it unnecessary to consider whether its allegations were sufficiently informative to preserve its rights.