James A. TOTTON, d/b/a Totton and Dunn Company.

v.

LOCAL 43 OF UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE-FITTING INDUSTRY OF the UNITED STATES AND CANADA.

No. 4754.

United States District Court
E. D. Tennessee, S. D.

Dec. 13, 1966.

Chambliss, Chambliss & Hodge, Chattanooga, Tenn., for plaintiff.

King & Fuston, Chattanooga, Tenn., for defendant.

## OPINION

FRANK W. WILSON, District Judge.

This is an action for alleged breach of a collective bargaining agreement. The complaint alleges that the plaintiff, an individual doing business as Totton and Dunn Company, is a party to a collective bargaining agreement with the defendant, Local Union No. 43, an unincorporated labor organization. The complaint alleges that the plaintiff has at all times complied with the collective bargaining agreement, but that nevertheless upon June 22, 1966, the defendant wrongfully notified the plaintiff that the contract was being cancelled as of that date. The plaintiff seeks a mandatory injunction to require the defendant to comply with the contract and relies upon Section 301 (a) [29 U.S.C. 185(a)] of the Labor-Management Relations Act as a basis for the Court having jurisdiction to grant the relief prayed.

The defendant in its answer denies that it wrongfully terminated the collective bargaining agreement and further contends that the issue of termination has been heretofore fully adjudicated by an arbitration decision in favor of the defendant's right to terminate the contract. The defendant further contends that exclusive jurisdiction of this action would lie with the National Labor Relations Board.

The defendant has now filed a motion to dismiss and in the alternative for a summary judgment. Taking up first the motion to dismiss, it appears upon the face of the complaint that the plaintiff has alleged a cause of action within the jurisdiction of this Court. The complaint contains no allegations with respect to any arbitration of the matters presently in dispute. Accordingly, the motion to dismiss should be denied.

Turning next to the defendant's motion for summary judgment, defendant has filed an affidavit by the Business Agent of Local Union 43 wherein it is stated that the plaintiff made a written request for the Joint Conference Board to decide the issue with regard to the Union's right to terminate the contract at the time that the plaintiff received the notice of cancellation. The affiant further states that the submission to the Joint Conference Board was in accordance with Article XXI of the collective bargaining agreement and that the Joint Conference Board did in fact hold a hearing and thereafter unanimously uphold the action of the Union in terminating the plaintiff's contract. A copy of the minutes of the Joint Conference Board meeting, held June 30, 1966, is filed as an exhibit along with a copy of the notice given the plaintiff by the Secretary of the Joint Conference Board advising the plaintiff that the Board had concurred in the action of the Union in cancelling the plaintiff's contract.

No counter-affidavits have been filed. Accordingly, there appears to be no genuine issue of fact but that the dispute between the plaintiff and defendant over the termination of the contract was submitted to the Joint Conference Board as provided in Article XXI of the contract and that the Joint Conference Board decided the issue in favor of the Union. The plaintiff, by way of response to the defendant's motion, takes the position that under the language of the contract, submission of the dispute to the Joint Conference Board and the decision of that Board did not constitute a binding arbitration but rather amounted only to the exhaustion of administrative remedies prior to resort to Court.

Article XXI provides as follows:

"*Section 1*: It is agreed that a Joint Conference Board shall be set up; this Board to consist of eight members: four selected by the Local Union and four selected by the Contractors.

*Section 2:* The Board shall select a Chairman and a Secretary-Treasurer,

one office to be filled by a member of the contractors and one by a member from the Local Union. This Board shall handle all grievances that may arise between the Contractors and the Local Union (except jurisdictional disputes), and any other matter that may affect both organizations. They shall endeavor to improve employer-employee relationship and work together to the best interest of the pipefitting industry as a whole.  -

*Section 3*: Either the Union or Management may on its own initiative, submit grievances in writing for determination by the Board as provided for in this Article, and such Board shall meet promptly, but in no case more than seven calendar days following a request for its services to render a final and binding determination. Any decisions on appeals to the Board shall be in writing addressed to all parties interested in the grievance.

*Section 4*: No grievance shall be heard, considered or given recognition if it is more than ten days since the alleged infraction. Time limits may be waived by mutual agreement, but in no event will the Board be required to go retroactive of any claim of more than thirty days.

*Section 5*: Minutes shall be kept of all meetings, a copy sent to each respective organization. Should at any time this committee disagree over the settlement of a grievance, they shall have the power to refer the matter to a Board of Arbitration. The Arbitration Board shall consist of three members. One member must be agreed upon by both organizations, one selected by the Contractors' Board members and one selected by Local Union Board members. The ruling of this Board shall be accepted as final and binding on both parties. The Arbitration Board shall have full power to establish their rules of procedure. This Board shall meet regularly on ____ day of each month."

■■ It appears unto the Court that the foregoing language of the contract does provide for binding arbitration of all grievances other than jurisdictional disputes. In the case of United Steelworkers of America, AFL–CIO v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, the Supreme Court held that provisions for compulsory arbitration of disputes arising under collective bargaining agreements are to be liberally construed in favor of such arbitration and that the hostility sometimes shown compulsory arbitration agreements in commercial contracts has no place in the field of labor relations. The Court went on to state:

"In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here, the exclusion clause is vague and the arbitration clause quite broad."

■ Moreover, as held in the steel workers trilogy, the Court would not be permitted to weigh the merits of the arbitration decision. United Steelworkers of America, AFL–CIO v. American Mfg. Co., 363 U.S. 565, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers v. Warrior & Gulf Navigation Co., supra; and United Steel Workers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

■ There is no issue of fact in this record but that the very matter here sought to be litigated by the plaintiff, that is, the propriety of the Union's action in terminating the collective bargaining agreement, was submitted by the parties to the Joint Conference Board in accordance with Article XXI of the contract. There is no dispute in the record but that the Joint Conference Board decided the issue in favor of the Union's right to terminate the contract. Under the language of the contract the Court is of the opinion that the decision of the Joint Conference Board would be

conclusive upon the issue here sought to be raised by the plaintiff.

The defendant's motion for summary judgment will accordingly be sustained and an order will enter dismissing this suit.