UNITED STEELWORKERS OF AMERICA *v.*
ENTERPRISE WHEEL & CAR CORP.

No. 538.   Argued April 28, 1960.—Decided June 20, 1960.

*Elliot Bredhoff* and *David E. Feller* argued the cause for petitioner. With them on the brief were *Arthur J. Goldberg, James P. Clowes* and *Carney M. Layne.*

*William C. Beatty* argued the cause for respondent. With him on the brief was *Jackson N. Huddleston.*

Opinion of the Court by MR. JUSTICE DOUGLAS, announced by MR. JUSTICE BRENNAN.

Petitioner union and respondent during the period relevant here had a collective bargaining agreement which provided that any differences "as to the meaning and application" of the agreement should be submitted to arbitration and that the arbitrator's decision "shall be final and binding on the parties." Special provisions were included concerning the suspension and discharge of employees. The agreement stated:

> "Should it be determined by the Company or by an arbitrator in accordance with the grievance procedure that the employee has been suspended unjustly or discharged in violation of the provisions of this Agreement, the Company shall reinstate the employee and pay full compensation at the employee's regular rate of pay for the time lost."

The agreement also provided:

> ". . . It is understood and agreed that neither party will institute *civil suits or legal proceedings* against the other for alleged violation of any of the provisions of this labor contract; instead all disputes will be settled in the manner outlined in this Article III—Adjustment of Grievances."

A group of employees left their jobs in protest against the discharge of one employee. A union official advised them at once to return to work. An official of respondent at their request gave them permission and then rescinded it. The next day they were told they did not have a job any more "until this thing was settled one way or the other."

A grievance was filed; and when respondent finally refused to arbitrate,\ this suit was brought for specific enforcement of the arbitration provisions of the agreement. The District Court ordered arbitration. The arbitrator found that the discharge of the men was not justified, though their conduct, he said, was improper. In his view the facts warranted at most a suspension of the men for 10 days each. After their discharge and before the arbitration award the collective bargaining agreement had expired. The union, however, continued to represent the workers at the plant. The arbitrator rejected the contention that expiration of the agreement barred reinstatement of the employees. He held that the provision of the agreement above quoted imposed an unconditional obligation on the employer. He awarded reinstatement with back pay, minus pay for a 10-day suspension and such sums as these employees received from other employment.

Respondent refused to comply with the award. Petitioner moved the District Court for enforcement. The District Court directed respondent to comply. 168 F. Supp. 308. The Court of Appeals, while agreeing that

the District Court had jurisdiction to enforce an arbitration award under a collective bargaining agreement,[1] held that the failure of the award to specify the amounts to be deducted from the back pay rendered the award unenforceable. That defect, it agreed, could be remedied by requiring the parties to complete the arbitration. It went on to hold, however, that an award for back pay subsequent to the date of termination of the collective bargaining agreement could not be enforced. It also held that the requirement for reinstatement of the discharged employees was likewise unenforceable because the collective bargaining agreement had expired. 269 F. 2d 327. We granted certiorari. 361 U. S. 929.

The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. As we stated in *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.*, ante, p. 574, decided this day, the arbitrators under these collective agreements are indispensable agencies in a continuous collective bargaining process. They sit to settle disputes at the plant level—disputes that require for their solution knowledge of the custom and practices of a particular factory or of a particular industry as reflected in particular agreements.[2]

---

[1] See *Textile Workers* v. *Cone Mills Corp.*, 268 F. 2d 920 (C. A. 4th Cir.).

[2] "Persons unfamiliar with mills and factories—farmers or professors, for example—often remark upon visiting them that they seem like another world. This is particularly true if, as in the steel industry, both tradition and technology have strongly and uniquely molded the ways men think and act when at work. The newly hired employee, the 'green hand,' is gradually initiated into what amounts to a miniature society. There he finds himself in a strange environment that assaults his senses with unusual sounds and smells and often with

When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency. Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.

The opinion of the arbitrator in this case, as it bears upon the award of back pay beyond the date of the agreement's expiration and reinstatement, is ambiguous. It may be read as based solely upon the arbitrator's view of the requirements of enacted legislation, which would mean that he exceeded the scope of the submission. Or it may

different 'weather conditions' such as sudden drafts of heat, cold, or humidity. He discovers that the society of which he only gradually becomes a part has of course a formal government of its own—the rules which management and the union have laid down—but that it also differs from or parallels the world outside in social classes, folklore, ritual, and traditions.

"Under the process in the old mills a very real 'miniature society' had grown up, and in important ways the technological revolution described in this case history shattered it. But a new society or work community was born immediately, though for a long time it developed slowly. As the old society was strongly molded by the *discontinuous* process of making pipe, so was the new one molded by the *continuous* process and strongly influenced by the characteristics of new high-speed automatic equipment." Walker, Life in the Automatic Factory, 36 Harv. Bus. Rev. 111, 117.

be read as embodying a construction of the agreement itself, perhaps with the arbitrator looking to "the law" for help in determining the sense of the agreement. A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award. Arbitrators have no obligation to the court to give their reasons for an award. To require opinions [3] free of ambiguity may lead arbitrators to play it safe by writing no supporting opinions. This would be undesirable for a well-reasoned opinion tends to engender confidence in the integrity of the process and aids in clarifying the underlying agreement. Moreover, we see no reason to assume that this arbitrator has abused the trust the parties confided in him and has not stayed within the areas marked out for his consideration. It is not apparent that he went beyond the submission. The Court of Appeals' opinion refusing to enforce the reinstatement and partial back pay portions of the award was not based upon any finding that the arbitrator did not premise his award on his construction of the contract. It merely disagreed with the arbitrator's construction of it.

The collective bargaining agreement could have provided that if any of the employees were wrongfully discharged, the remedy would be reinstatement and back pay up to the date they were returned to work. Respondent's major argument seems to be that by applying correct principles of law to the interpretation of the collective bargaining agreement it can be determined that the agreement did not so provide, and that therefore the arbitrator's decision was not based upon the contract. The acceptance of this view would require courts, even under the standard arbitration clause, to review the merits of every

---

[3] See Jalet, Judicial Review of Arbitration: The Judicial Attitude, 45 Cornell L. Q. 519, 522.

construction of the contract. This plenary review by a court of the merits would make meaningless the provisions that the arbitrator's decision is final, for in reality it would almost never be final. This underlines the fundamental error which we have alluded to in *United Steelworkers of America* v. *American Manufacturing Co.*, ante, p. 564, decided this day. As we there emphasized, the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

We agree with the Court of Appeals that the judgment of the District Court should be modified so that the amounts due the employees may be definitely determined by arbitration. In all other respects we think the judgment of the District Court should be affirmed. Accordingly, we reverse the judgment of the Court of Appeals, except for that modification, and remand the case to the District Court for proceedings in conformity with this opinion.                                        *It is so ordered.*

MR. JUSTICE FRANKFURTER concurs in the result.

MR. JUSTICE BLACK took no part in the consideration or decision of this case.

[For opinion of MR. JUSTICE BRENNAN, joined by MR. JUSTICE FRANKFURTER and MR. JUSTICE HARLAN, see *ante*, p. 569.]

MR. JUSTICE WHITTAKER, dissenting.

Claiming that the employer's discharge on January 18, 1957, of 11 employees violated the provisions of its collective bargaining contract with the employer—covering the period beginning April 5, 1956, and ending April 4,

1957—the union sought and obtained arbitration, under the provisions of the contract, of the issues whether these employees had been discharged in violation of the agreement and, if so, should be ordered reinstated and awarded wages from the time of their wrongful discharge. In August 1957, more than four months after the collective agreement had expired, these issues, by agreement of the parties, were submitted to a single arbitrator, and a hearing was held before him on January 3, 1958. On April 10, 1958, the arbitrator made his award, finding that the 11 employees had been discharged in violation of the agreement and ordering their reinstatement with back pay at their regular rates from a time 10 days after their discharge to the time of reinstatement. Over the employer's objection that the collective agreement and the submission under it did not authorize nor empower the arbitrator to award reinstatement or wages for any period after the date of expiration of the contract (April 4, 1957), the District Court ordered enforcement of the award. The Court of Appeals modified the judgment by eliminating the requirement that the employer reinstate the employees and pay them wages for the period *after* expiration of the collective agreement, and affirmed it in all other respects, 269 F. 2d 327, and we granted certiorari, 361 U. S. 929.

That the propriety of the discharges, under the collective agreement, was arbitrable under the provisions of that agreement, even after its expiration, is not in issue. Nor is there any issue here as to the power of the arbitrator to award reinstatement status and back pay to the discharged employees to the date of expiration of the collective agreement. It is conceded, too, that the collective agreement expired by its terms on April 4, 1957, and was never extended or renewed.

The sole question here is whether the arbitrator exceeded the submission and his powers in awarding

reinstatement and back pay for any period after expiration of the collective agreements. Like the Court of Appeals, I think he did. I find nothing in the collective agreement that purports to so authorize. Nor does the Court point to anything in the agreement that purports to do so. Indeed, the union does not contend that there is any such covenant in the contract. Doubtless all rights that accrued to the employees under the collective agreement during its term, and that were made arbitrable by its provisions, could be awarded to them by the arbitrator, even though the period of the agreement had ended. But surely no rights *accrued* to the employees under the agreement after it had expired. Save for the provisions of the collective agreement, and in the absence, as here, of any applicable rule of law or contrary covenant between the employer and the employees, the employer had the legal right to discharge the employees at will. The collective agreement, however, protected them against discharge, for specified reasons, during its continuation. But when that agreement expired, it did not continue to afford rights *in futuro* to the employees—as though still effective and governing. After the agreement expired, the employment status of these 11 employees was terminable at the will of the employer, as the Court of Appeals quite properly held, 269 F. 2d, at 331, and see *Meadows* v. *Radio Industries,* 222 F. 2d 347, 349 (C. A. 7th Cir.); *Atchison, T. & S. F. R. Co.* v. *Andrews,* 211 F. 2d 264, 265 (C. A. 10th Cir.); *Warden* v. *Hinds,* 163 F. 201 (C. A. 4th Cir.), and the announced discharge of these 11 employees then became lawfully effective.

Once the contract expired, no rights continued to accrue under it to the employees. Thereafter they had no contractual right to demand that the employer continue to employ them, and *a fortiori* the arbitrator did not have power to order the employer to do so; nor did the arbitrator have power to order the employer to pay wages to

them after the date of termination of the contract, which was also the effective date of their discharges.

The judgment of the Court of Appeals, affirming so much of the award as required reinstatement of the 11 employees to employment status and payment of their wages until expiration of the contract, but not thereafter, seems to me to be indubitably correct, and I would affirm it.