285 F.2d 229
 MISSISSIPPI VALLEY ELECTRIC COMPANY, a partnership, and Frank L. Pendergrass, James L. Pendergrass and Katie T. Pendergrass individually, Appellants,
v.
LOCAL 130 OF the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Appellee.
 No. 18010.
 United States Court of Appeals Fifth Circuit.
 December 30, 1960.
 Rehearing Denied January 27, 1961.
 
 Lawrence J. Molony, New Orleans, La., for appellants.
 Fred J. Cassibry and Victor H. Hess, Jr., New Orleans, La., for appellee.
 Before CAMERON, JONES and BROWN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Since our opinion[1] was rendered in this case, the Supreme Court has decided United Steelworkers of America v. Enterprise Wheel and Car Corporation, 363 U.S. 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424. The decision of the Supreme Court is contrary to the position taken in the majority opinion of this Court and requires that we recede from our views as previously expressed. See also United Steelworkers of America v. American Manufacturing Company, 363 U.S. 564, 80 S. Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409.
 
 
 2
 The petition of the appellee for rehearing is granted, and on rehearing the judgment of the district court is
 
 
 3
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 5 Cir., 278 F.2d 764
 
 
 
 4
 CAMERON, Circuit Judge (dissenting).
 
 
 5
 I respectfully dissent from the per curiam opinion granting the petition of the appellee for a rehearing and affirming the judgment of the district court. I think the majority opinion rendered by this Court[1] was correct in what it decided and the reasoning upon which the decision was based.
 
 
 6
 I do not think the cases now cited by the majority overrule or modify Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 1955, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, and I do think this case is governed by that decision.
 
 
 7
 The case before us is not, in my opinion, a union controversy rather than uniquely personal rights of employees sought to be enforced by a union. The relief sought is, in my judgment, nothing but a money judgment due, not to the union, but to certain individuals.[2]
 
 
 8
 There is no prayer for specific performance, and nothing is asked but a money judgment. The appellants did not owe the union any money. As we set out in the majority opinion when the case was originally before us, the union was attempting to enforce a demand belonging, not to the union, but to the individuals with whom the appellants had separate contracts to pay the money.
 
 
 9
 Mr. Justice Burton and Mr. Justice Harlan concurred in the result of Textile Workers Union of America v. Lincoln Mills, 1957, 353 U.S. 448, at page 460, 77 S.Ct. 912, at page 919, 1 L.Ed.2d 972, using language of import similar to that used by Chief Justice Warren and Mr. Justice Clark concurring in the Westinghouse case, 348 U.S. 437, at page 461, 75 S.Ct. 489, at page 501:
 
 
 10
 "The District Court had jurisdiction over the action since it involved an obligation running to a union — a union controversy — and not uniquely personal rights of employees sought to be enforced by a union. Cf. Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510."
 
 
 11
 The dissent from our original opinion,[3] did not approve the thought expressed by the court below that the Supreme Court had, in Lincoln Mills, "beat a retreat" from Westinghouse. Rather, it was disposed to attribute the fundamental clash this Court now finds between the two decisions to the fact that the army itself had changed. Even assuming the dubious thesis that the Supreme Court would, because of a change of personnel, be likely to reject a holding hardly two years old, upon the simple principle that one person may not maintain an action to recover money due another unless invested by statute or contract with the right so to do, I do not find either such a change of faces or any statement or implication that Westinghouse has been overruled. I do not think it should be lightly inferred that, in the midst of "the complex and baffling problems of our time,"[4] the highest court in the land would not be straining hard to give stability to the law as written in judicial decisions. I see nothing in any of the cases cited by the majority here which tempts me to any other conclusion.
 
 
 12
 Rehearing denied: CAMERON, C. J., dissented.
 
 
 
 Notes:
 
 
 [1]
 5 Cir., 278 F.2d 764
 
 
 [2]
 The concluding paragraphs of the complaint read thus:
 "12. A part of the award of the Joint Labor Management Committee was that defendant should pay certain of defendant's employees $350.00 because defendant had failed to pay the scale of wages to those employees as provided for in the agreement.
 "13. Despite repeated demands made on the defendant by plaintiff, defendant refused and does still refuse to abide by the award of the Joint Labor Management Committee.
 "Wherefore, plaintiff demands judgment against defendant in the sum of Three Hundred Fifty ($350.00) Dollars, interest and costs." [Emphasis supplied.]
 
 
 [3]
 5 Cir., 278 F.2d at page 770
 
 
 [4]
 Words used by Chief Justice Warren as reported in 348 U.S. at page vii, 75 S. Ct. at page11.