## GENERAL DRIVERS, WAREHOUSE-MEN AND HELPERS LOCAL UNION NO. 89, Plaintiff,

### v.

## AMERICAN RADIATOR AND STANDARD SANITARY CORPORATION, Defendant.

### Civ. A. No. 3953.

United States District Court
W. D. Kentucky,
at Louisville.

July 19, 1961.

Ralph H. Logan, Hardy & Logan, Louisville, Ky., for plaintiff.

Samuel L. Greenebaum, Greenebaum, Barnett, Wood & Doll, Louisville, Ky., J. Mack Swigert, Taft, Stettinius & Hollister, Cincinnati, Ohio, for defendant.

SHELBOURNE, District Judge.

The plaintiff Union, as bargaining agent and representative of the employees of the Plumbing and Heating Division of the defendant's Louisville Plant, filed this action March 25, 1960, seeking a judgment requiring the defendant to process through the grievance procedure provided by the negotiated agreement existing between the Union and the defendant Company a grievance formally presented April 23, 1959, by Charles C. Capito, an employee in the Brass Transportation Department. It was charged that April 13, 1959, the defendant changed the method of paying the Brass Transportation Truckers from a tonnage pool to a regular hourly base rate, thereby eliminating the employees' incentive pay. Capito's grievance was signed by John F. Karger, the Union's Assistant Chief Steward or Committeeman, and thereby made to be a

grievance "in behalf of all truckers concerned." The defendant Company acknowledge receipt of the grievance by its letter dated May 1, 1959, in which it advised the alleged grievants that their complaint was not subject to the grievance procedure under the terms of the Wage Plan Agreement dated September 7, 1956. The demand of the complaint filed herein is that, should the grievance procedure fail to settle this question, the matter be referred to arbitration in accordance with the existing agreements.

In its answer the defendant affirmatively alleged that the claimed grievance is not subject to the grievance and arbitration procedure set out in any agreement existing between the Union and the defendant Company affecting the employees in the craft and was not arbitrable under the Wage Plan Agreement, a contract dated September 7, 1956. The defendant subsequently filed the affidavit of W. E. Pate, Sr., Labor Relations Supervisor in the Personnel Department of the Company's Louisville Plant, and filed its motion for summary judgment.

The plaintiff filed the affidavit of John F. Karger and filed its motion for summary judgment.

■ In this posture of the record the sole question for the Court is whether the alleged grievance is arbitrable under the provisions of the contracts. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed. 2d 1409; and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424.

In the Warrior & Gulf Navigation Co. case, supra [363 U.S. 574, 80 S.Ct. 1353] the Supreme Court said:

"(A)rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. Yet, to be consistent with congressional policy in favor of settlement of disputes by the parties through the machinery of arbitration, the judicial inquiry under § 301 [29 U.S.C.A. § 185] must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator power to make the award he made. An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

■ The existing contract between the Union and the Company in this case contains the no-strike and no-lockout provisions. Under agreements having such provisions, as the Supreme Court has said, in a very real sense everything that management does is subject to the agreement, for either management is prohibited or limited in the action it takes, or if not, it is protected from interference by strikes. Therefore, the range left for the sole consideration of management must be "strictly a function of management."

The same Master Agreement involved in this case was under consideration in this Court in what has been described by counsel as a companion case, International Molders and Foundry Workers Union of North America, Local No. 214 (AFL-CIO) v. American Radiator and Standard Sanitary Corporation, Civil No. 3948, filed March 22, 1960, and decided adversely to the Union by the judgment of Judge Henry L. Brooks entered March 13, 1961. There, Judge Brooks determined that Articles VII and IX of the Master Agreement and Paragraph 4 of the Wage Plan Agreement expressly limit the disputes that may be referred to grievance or arbitration procedure.

■ One of the grievances involved in the International Molders case was a determination by the defendant that a job covered under the Wage Plan Agreement should no longer be subject to incentive

application, which is almost identical with the grievance in this case. Judge Brooks having determined explicitly that the grievance involved was not arbitrable but was a question solely for the determination of management, his decision should stand in this case. Judge Brooks' analysis of the contractual provisions and the Wage Plan Agreement evidently was accepted by the able counsel representing the plaintiff union in that case as no appeal was prosecuted.

It Is Therefore Ordered that the defendant's motion for summary judgment be and same hereby is granted, the complaint is dismissed, and the defendant is awarded its costs herein.