315 F.2d 518
 David ROGERS, Plaintiff-Appellant,
v.
ALLIED AVIATION SERVICE COMPANY OF NEW JERSEY, INC., Defendant-Appellee, and
Wadell Langford as President, and Jack Charlton as Treasurer of Local 297 of the United Transport Service Employees, Defendants.
 No. 145.
 Docket 27734.
 United States Court of Appeals Second Circuit.
 Argued November 29, 1962.
 Decided March 25, 1963.
 
 William McKelvey, New York City, for plaintiff-appellant.
 Emanuel Dannett, of McGoldrick, Dannett, Horowitz & Golub, New York City (Herbert D. Schwartzman, of McGoldrick, Dannett, Horowitz & Golub, New York City, on the brief), for defendant-appellee.
 Before CLARK, MOORE, and KAUFMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rogers was discharged for unauthorized absence from work. When his claim was submitted to arbitration, pursuant to the collective bargaining agreement, the arbitrator considered past instances of unexplained truancy and on that basis concluded that the discharge was for cause. Rogers attacks the scope of the matters considered by the arbitrator (specifically, the previous absences) on grounds we think frivolous. Certainly national labor policy militates toward allowing exceedingly wide discretion to arbitrators, see United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; furthermore, past instances of similar misconduct would seem peculiarly pertinent to assessing the reasonableness of an employer's discharge of an employee.
 
 
 2
 Affirmed.