18 N.Y.2d 556 (1966)
In the Matter of the Arbitration between Burt Building Materials Corp. et al., Respondents, and Local 1205, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellant.
Court of Appeals of the State of New York.
Argued October 26, 1966.
Decided December 30, 1966.
Robert E. Scher and Sidney O. Raphael for appellant.
Joseph T. King for respondents.
Chief Judge DESMOND and Judges FULD, BURKE and KEATING concur with Judge BERGAN; Judge SCILEPPI dissents and votes to affirm in an opinion in which Judge VAN VOORHIS concurs.
*557 BERGAN, J.
Respondent A. Raymond Burt, who had been engaged in the lumber business at Huntington, New York, under the name Burt Lumber Company, had a collective bargaining agreement with Local 1205, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. This was executed January 1, 1963 and by its terms expired June 30, 1964. Before the expiration of this contract Burt sold his business to Burt Building Materials Corporation and the corporation, on taking over the business June 19, 1964, immediately discharged four employees.
Burt and the union had included a broadly stated arbitration provision in their contract by which the parties undertook to *558 submit all "disputes" in connection with or relating to "this agreement" or in the "interpretation, performance, termination" or any breach "thereof" (par. 9, cl. [b]). On the discharge of the four employees arbitration was demanded by the union. This proceeded to an award by the arbitrator which determined that the corporation had a valid labor agreement with the union and directed the corporation to cease interfering with the union and to reinstate the discharged employees. The arbitrator found that membership in the union was the reason for their discharge. Both the corporation and the individual former employer, Burt, were jointly directed to pay the amounts of back salary found due the discharged employees.
The court at Special Term on motion confirmed the award and made directions for its enforcement by a judgment. The Appellate Division reversed the order and vacated both the award and the judgment. Although the corporate employer argued before the Special Term that it had made no contract with the union and was not a "successor" to Burt, but had started a "new business", the Special Term held that as the sole operator of the same business it was bound by the collective bargaining agreement of its predecessor (John Wiley & Sons v. Livingston, 376 U. S. 543). The Appellate Division did not disturb that basis of the Special Term's finding. It was of opinion that the contract had by its terms expired June 30, 1964 and, therefore, there "was no basis for an award of back pay" beyond that date.
But the "termination" of the agreement was one of the very matters which the parties had agreed to submit to arbitration which embraced "Any and all" disputes. A disagreement by the court on a point of law with the way the arbitrator resolves a dispute within the frame of submission is not a statutory ground upon which an award may be vacated (CPLR 7511, [b]; see Matter of Long Is. Lbr. Co. [Martin], 15 N Y 2d 380).
The order should be reversed and the order and judgment of the court at Special Term reinstated, with costs.
SCILEPPI, J. (dissenting).
The dispositive question is whether, under the agreement between Burt and Local 1205, the arbitrator's award may withstand a motion to vacate, predicated in part on the ground that the arbitrator "exceeded his power" *559 (CPLR 7511, [b], 1, [iii]). Or, put another way, did the arbitrator give "a completely irrational construction to the provisions in dispute and, in effect, [make] a new contract for the parties" (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377, 383).
The answer seems to me to be that the award here represents so substantial a departure from the express terms of the agreement as to require vacatur. The controlling contract provision, in my view, is paragraph 20, which says: "20. Severence Pay [sic]  In the event an Employer ceases the active conduct of its business or merges or consolidates its business with another and by reason of any of the foregoing, employees with twenty years or more continuous service and less than sixty-five years of age are laid-off or their employment terminated, the Employer shall forthwith pay such employees severance pay in an amount equivalent to $20.00 for each and every year of such service. Such severance pay shall be deemed past earned and accrued wages for each of such employees."
An event covered by the contract occurred  termination of business by Burt resulting in termination of employment for the members of Local 1205. None of the local's members had 20 years or more continuous service, and thus none was entitled to severance pay, let alone the "back pay" awarded. There is no predicate for that part of the award directing rehiring, and clearly, under John Wiley & Sons v. Livingston (376 U. S. 543, 555), no new contract can be imposed upon a "successor" employer by operation of the Wiley rule which is aimed at preserving rights acquired during the effective period of a defunct collective bargaining agreement. The majority reads Wiley as putting the successor corporation in the place of an assignee. Rather, I agree with the Third Circuit in United Steelworkers of America v. Reliance Universal (335 F.2d 891) where Wiley was read as imposing on the new owner a limited duty to arbitrate in order to be fair to employees suddenly faced with a new employer. But fairness does not mandate undeserved give away such as here. While arbitrators have broad and extensive powers, and courts may not substitute their own interpretation for an interpretation by the arbitrator, there is a limit to the arbitrator's power. That limit is found in the terms of the contract. The arbitrator here, like all arbitrators, may make an *560 enforcible award only when the "essence" of the award comes from an interpretation of some provision in the contract and not from the arbitrator's own notion of "industrial justice" (Steelworkers v. Enterprise Corp., 363 U. S. 593, 597). I find nothing in the agreement here under consideration warranting this award. Burt and the corporation may have been properly sent to arbitration, but neither Burt, whose sale of his business was dictated by his own failing health and who has absolutely no interest, financial or otherwise, in the corporation, nor the corporation, which had no interest in taking on Burt's employees, should be saddled with an award which seems to me so unwarranted as to be irrational (see Matter of National Cash Register Co. [Wilson], supra).
Accordingly, I would affirm the order of the Appellate Division.
Order of Appellate Division reversed and order and judgment of Special Term reinstated, with costs in this court and in the Appellate Division.