**The GENERAL TEAMSTERS UNION LOCAL 249**

**v.**

**MOTOR FREIGHT EXPRESS, INC.**

**C. A. No. 68–573.**

United States District Court
W. D. Pennsylvania.

Oct. 15, 1969.

R. Mark Hunter and Samuel J. Reich, Pittsburgh, Pa., for plaintiff.

James Q. Harty, Pittsburgh, Pa., and Richard C. Hotvedt, Washington, D. C., for defendant.

MEMORANDUM AND ORDER DENYING MOTION TO VACATE SUMMARY JUDGMENT

WILLSON, Senior District Judge.

█ Defendant's motion for summary judgment was heard by the Undersigned on July 24, 1969. Summary judgment was granted in accordance with defendant's motion. At that time an order

was entered in which it was mentioned that R. Mark Hunter, Esq., counsel for plaintiff, failed to appear at the argument on the motion. However, counsel's failure to appear played no part whatsoever in the entry of the summary judgment. Summary judgment was entered because of the failure of the plaintiff to comply with the provisions of Rule 56(e) of the Federal Rules of Civil Procedure.

It must be emphasized that on May 13, 1969 plaintiff was served with defendant's motion. Accompanying the motion were copies of the pleadings filed in the state court; the labor agreement between the parties; an affidavit of Jack C. Daehling, Vice President—Operations of defendant; and copies of notices to plaintiff regarding the meeting held on March 6, 1968 in which plaintiff's business agents, Sansotta and Nicotra, Stewards Boyd and Ogg, and others were in attendance. [Local 249 at the meeting certainly had notice of defendant's proposed change in operations]. Also attached were Exhibits H–2 and H–3. The latter set up the preliminary meeting for April 16, 1968 at York, Pennsylvania. Also attached is Exhibit H–4, the union statement presented to the Eastern Conference of Teamsters Joint Area Committee held in Atlantic City on April 22, 1968. The decision of that meeting is attached to the motion, as is also the agreement in writing signed for Local 249 by Nick Sansotta in which Local 249 and the other locals involved agreed to abide by the decision of the committee. The decision of the Joint Conference Change of Operations Committee approved the change in operations as requested by defendant.

Thus the motion for summary judgment filed by defendant was amply supported. No response was made by plaintiff whatsoever. Thus the Court concluded upon examination of the motion and the documents that there was no genuine issue for trial, and defendant's motion was granted.

When the motion to vacate came on for hearing, Mr. Hunter for plaintiff appeared and presented affidavits and his own explanation as to why he did not attend the hearing. He seemed to have the idea that had he been in attendance the motion for summary judgment would not have been granted. Counsel was informed at that time and thereafter that whatever he wished to present in support of his motion to vacate would be examined by the Court. The only document of any weight whatsoever which he has presented is an affidavit of George Ogg, a union steward. Ogg's affidavit shows he was present at the March 6, 1968 meeting. He says he knew from plaintiff's business agents of defendant's requested change in operations and of the meeting to be held at York on April 16, 1968. He says he was present at both the April 16th meeting at York and at the April 22nd meeting at Atlantic City. This affiant simply is in disagreement with the results reached by the Joint Conference Change of Operations Committee at the Atlantic City meeting.

It is to be noticed too in this case that Judge Weber denied plaintiff's motion for a temporary restraining order by memorandum order entered by him on May 24, 1968. Before him, of course, testimony was taken, and counsel were heard at argument. It is apparent from the record made before Judge Weber, as well as the record before me, that the complaint made by plaintiff is that the Joint Conference Change of Operations Committee decided the issues contrary to the desires of certain members of Local 249. Before Judge Weber [R. 10], Mr. Shrager, then counsel for plaintiff, indicated to Judge Weber that he was attacking the validity of the award made and the implementation of that award. But an inspection of all the documents in this case, including everything presented by the defendant, shows that the issue was submitted to the Joint Conference Change of Operations Committee. All parties were present before that commit-

tee and had agreed in writing that the committee's decision would have finality. Thus, they agreed on a procedure similar to an ordinary arbitration hearing, the issue being defendant's requested change in operations which involved the possible displacement of some 14 drivers. Having agreed to become bound by the committee's decision, this Federal Court must decline to review the merits of the arbitration award under the collective bargaining agreement. Thus, on the merits the order on the motion for summary judgment heretofore entered is correct. See United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

### ORDER

And now, October 15, 1969, for the reasons mentioned in the foregoing memorandum, the motion of defendant to vacate the summary judgment heretofore entered must be and is denied.