52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 EVERGREEN, LTD., Plaintiff-Appellee,
v.
ROBERT LAMB HART PLANNERS AND ARCHITECTS, Defendant-Appellant.
 No. 94-3250.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1995.
 
 Before: LIVELY, RYAN, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Robert Lamb Hart Planners and Architects, appeals to this court from the judgment of the district court confirming an arbitration award in favor of Evergreen, Ltd., in the amount of $794,928. On appeal, Hart contends that the district court's confirmation of the award effectively abrogated a non-consolidation and non-joinder clause in the construction contract between the parties by improperly permitting recovery on an indemnification claim, even though the indemnitee had not yet suffered any financial loss. For the reasons stated below, we find no basis on which to disturb the district court's decision and affirm.
 
 
 2
 In September 1984, Evergreen, an Ohio limited partnership, contracted with Hart, a firm with offices in New York and California, to provide architectural services for the construction of a 262-unit health-care facility in Cincinnati. Pursuant to the provisions of Article 6 of the contract:
 
 
 3
 All claims, disputes and other matters in question between the parties to this Agreement, arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration, arising out of or relating to this Agreement shall include, by consolidation, joinder or in any other manner, any additional person not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by the Architect, the Owner, and any other person sought to be joined. Any consent to arbitration involving an additional person or persons shall not constitute consent to arbitration of any dispute not described therein. This Agreement to arbitrate and any agreement to arbitrate with an additional person or persons duly consented to by the parties to this Agreement shall be specifically enforceable under the prevailing arbitration law.
 
 
 4
 (Emphasis added.)
 
 
 5
 Evergreen also contracted with Monitor Construction Co. to serve as general contractor on the Evergreen project. By 1987, however, Evergreen filed for arbitration with Monitor, claiming that the construction company was 175 days late in completing the project. Monitor counterclaimed against Evergreen, alleging that Hart's defective architectural plans and designs were responsible for the construction delay and that, according to pertinent contract provisions, Evergreen was responsible for payment of Monitor's resulting damages (which Evergreen could then recover in its own action against Hart).
 
 
 6
 Evergreen did eventually file for arbitration against Hart. When Hart refused to join in the Evergreen-Monitor arbitration proceedings, however, Evergreen and Monitor negotiated their own settlement agreement. Pursuant to that agreement, Evergreen assigned to Monitor its claims against Hart and stipulated that Monitor could pursue those claims on behalf of Evergreen, in Evergreen's name. Evergreen also paid to Monitor $126,009 and negotiated an agreeable split with Monitor for dividing any monies owed to Evergreen that would be collected from Hart.
 
 
 7
 On April 24, 1991, Evergreen filed an amended demand for arbitration against Hart and alleged that it had suffered additional damages as a result of Hart's breach of the construction contract. Hart, however, filed a petition in federal district court to enjoin arbitration with Evergreen on the grounds that Article 6 of the construction contract forbade arbitration of claims that have been assigned to a third party.
 
 
 8
 On January 9, 1992, District Judge S. Arthur Spiegel issued a detailed memorandum and order denying Hart's request for injunctive relief and granting Evergreen's motion to compel arbitration. In his ruling, Judge Spiegel concluded that general contract principles would support arbitration of assigned claims, even in the face of a specific contractual provision forbidding consolidation or joinder of additional parties in the absence of express written consent. The district court further determined that Evergreen's payment of $126,009 to Monitor did not moot the indemnity claim of Evergreen against Hart, because Monitor did not release Evergreen from all liability but, rather, agreed only that it would limit Evergreen's liability to the amount of money that could be recovered from Hart.
 
 
 9
 Hart chose not to appeal the district court decision rendered by Judge Spiegel. The matter, therefore, proceeded to arbitration, where Evergreen, through Monitor, claimed entitlement to amounts for indemnity and contribution and for breach of the construction contract. After lengthy hearings and submission of numerous pieces of evidence, three arbitrators unanimously awarded Evergreen a lump sum of $794,928 in damages. Evergreen then petitioned the district court to confirm the arbitrators' award, while Hart filed a motion to vacate the award.
 
 
 10
 The cross-motions were assigned to District Judge Carl B. Rubin, who filed an order in this matter on August 11, 1993. In that order, Judge Rubin concluded that the earlier order entered by Judge Spiegel was final and should be accorded preclusive effect. Consequently, Judge Rubin determined that the "defendant's claim that the arbitrators exceeded their authority by allowing the arbitration to go forward despite the assignment of Evergreen's claims to a third party is barred by res judicata." Furthermore, Judge Rubin decided that "Judge Spiegel's findings that Evergreen had properly stated a claim for indemnity against Hart ... are binding on the parties and cannot be relitigated before this court." As a result, the district court concluded that the decision of the arbitrators must stand and that Evergreen's motion to confirm the award should be granted. A final award of interest on the arbitration decision was entered on February 15, 1994, and Hart timely filed an appeal to this court.
 
 
 11
 Our review of an arbitration award is extremely limited. Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc., 894 F.2d 862, 866 (6th Cir.1990). Given the strong federal policy in favor of enforcing arbitration agreements, a court must enforce an arbitrator's award if the award "draws its essence from the ... agreement" and the arbitrator does not "dispense his own brand of industrial justice." Id., citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). In fact, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987).
 
 
 12
 In this case, it cannot be seriously argued that the arbitrators' award did not involve a construction or application of the contract between Hart and Evergreen. Hart itself admits that the contract specifically recognized Evergreen's right to seek indemnification from Hart and that Hart would have willingly engaged in arbitration with Evergreen had not the owner of the project assigned its claims to Monitor. Judge Spiegel ruled, and Hart did not appeal the ruling, that the arbitration of the alleged indemnification claim did not violate the provisions of the contract because Monitor was merely seeking, on behalf of Evergreen, those damages to which Evergreen itself was entitled. Moreover, the fact that the amount of money to be paid to Monitor by Evergreen for contractual damages had not been specifically determined or paid prior to the initiation of the arbitration with Hart is irrelevant. As we noted in Affholder, Inc. v. Preston Carroll Co., 866 F.2d 881, 885 (6th Cir.1989), an indemnitee and a third party may collaterally agree to limit damage payments to the amount of money that can be recovered from the indemnitor.
 
 
 13
 Furthermore, we conclude that Judge Rubin was correct in holding that Judge Spiegel's earlier order decided the dispositive issue raised by this appeal and that it was entitled to be given preclusive effect. When Hart failed to appeal Judge Spiegel's ruling, the matter became res judicata.
 
 
 14
 For these reasons, we AFFIRM the judgment of the district court.