No. 95-1376

Doerfer Engineering, a Division    *
of Container Corporation of        *
America, an Affiliate of the       *
Jefferson Smurfit Corporation,     *
                                   *
              Petitioner,          *
                                   *
        v.                         *
                                   *
National Labor Relations    *
Board,                             *
                                   *
              Respondent.          *

                              On Petition for Review
                              from the National Labor
                              Relations Board.

No. 95-1581

Doerfer Engineering, a Division    *
of Container Corporation of        *
America, an Affiliate of the       *
Jefferson Smurfit Corporation,     *
                                   *
              Respondent,          *
                                   *
        v.                         *
                                   *
National Labor Relations    *
Board,                             *
                                   *
              Petitioner.          *

                    Submitted:  September 13, 1995

                    Filed:  March 22, 1996

Before MCMILLIAN, HEANEY, and MURPHY, Circuit Judges.

HEANEY, Circuit Judge.

Doerfer Engineering ("Doerfer") petitions us to review and set aside the decision and order of the National Labor Relations Board ("Board"). The Board cross-applies for enforcement. We grant Doerfer's petition and set aside the Board's order.

## BACKGROUND

The facts of the underlying labor conflict are undisputed. Doerfer unit employees were represented by Local 1740 of the International Union, United Automobile Aerospace and Agricultural Implement Workers of America ("Union"). Since the company's inception, prior to the organization of its employees, Doerfer permitted its employees to use plant facilities and equipment for personal projects. This arrangement has never been formally incorporated into the written collective bargaining agreement between Doerfer and the Union. Over the years, however, Doerfer placed restrictions on employee use of its equipment and premises, including the need for prior company approval. On January 4, 1993, the plant manager gave the Union written notice that, effective immediately, Doerfer would no longer permit its employees to use company equipment and premises.

In response to the company's actions, the Union filed an unfair labor practice charge under sections 8(a)(1) and (5) of the National Labor Relations Act alleging that Doerfer should have given them an opportunity to negotiate before unilaterally discontinuing the longstanding past practice. Shortly thereafter, the Union also filed a grievance pursuant to the resolution procedure set forth in the parties' collective bargaining agreement. The Union claimed that Doerfer's actions violated the renewal clause of their collective bargaining agreement by taking away the past practice while the agreement was still in effect. Doerfer responded that its actions were within its management

rights provided by the agreement because its decision was based on its concern for company liability. On February 3, 1993, the Board notified the parties that it would defer the matter to arbitration both because Doerfer had already agreed to submit the grievance to arbitration and because the Board believed the issues raised by the charge could be resolved by such binding arbitration. The parties then agreed upon an arbitrator and submitted the dispute to him.

At the outset of the arbitration hearing, the parties discussed the matter of whether the arbitrator had the authority to decide the matter before him. The arbitrator took the position that he had such power, stating:

> I generally get this issue resolved right away, as to whether or not I have a right, the Arbitrator has the power either through the deferral of the NLRB placing the power upon me to rule or by agreement of the parties I have a right to decide this issue based strictly upon the merits.

Hr'g Tr. at 6. Doerfer objected to his authority to arbitrate, stating that the dispute did not fall under the collective bargaining agreement's narrow definition of a grievance, and was therefore not arbitrable. Hr'g Tr. at 20-28. The company's objection was noted for the record. Hr'g Tr. at 28. The Union, on the other hand, took the position that the arbitrator should decide the matter:

> I think, Mr. Arbitrator, the National Labor Relations Board in referring the case back to the grievance procedure and also reading from what I understand the Spielberg document and some other things, it does give the Arbitrator the authority to rule on these types of things. It is outside the contract language as such, but it's a practice that's been in effect for years and years. We're going to try to show you that it's an employee benefit, it's not a management function, and it's something you ought to be dealing with.

Hr'g Tr. at 30.

3

After a full evidentiary hearing, the arbitrator issued a detailed, but confusing, opinion and award in favor of the company.  He stated that the grievance was not arbitrable and was therefore denied, but he also ruled on the merits of the dispute.  He determined that Doerfer had the right to unilaterally terminate the practice of loaning tools, equipment and materials and permitting use of company premises for personal use.

Not surprisingly, after the arbitrator's decision, both parties changed their respective positions on the arbitrability of the dispute.  The Union returned before the Board to urge that it should disregard the arbitrator's opinion because of his determination that the grievance was not arbitrable and because its conclusion was inconsistent with the purposes and policies of the National Labor Relations Act.  Doerfer requested that the Board respect the arbitrator's decision.  Both parties stipulated that the arbitration proceedings were fair and regular and that the parties had agreed to be bound by the award.  They also waived their rights to a hearing and oral argument before an administrative law judge and agreed to have the matter decided on the basis of the record and their briefs.

The Board decided the matter in favor of the Union.  Based on  the arbitrator's statement that the grievance was not arbitrable, the Board determined that he had not reached the merits of the unfair labor practice issue.  As a consequence, the Board declined to defer to the arbitrator's opinion.  The Board then found that the discontinued practice had been a valuable part of the employees' terms and conditions of employment and that Doerfer's failure to notify and provide the Union with an opportunity to bargain violated its obligation to bargain in good faith with the exclusive representative of unit employees.  This petition for review follows.

4

**DISCUSSION**

Under the particular circumstances of this case, the Board abused its discretion in failing to defer to the arbitrator's decision. Throughout the Union's handling of this labor dispute, it took the position that it was one appropriate for arbitration. It filed the grievance; it submitted the dispute to arbitration; it argued at the arbitration hearing that the arbitrator had authority to decide the issue; and, finally, it agreed to be bound by the arbitrator's decision. The Union cannot now be heard to complain of the arbitrator's authority to decide the issue.

Initially, the Board agreed that the matter was appropriate for arbitration. Yet, based on a selective reading of the arbitrator's opinion and award, the Board determined that the merits of the dispute had not been reached. It then substituted its own decision for that of the arbitrator. Quoting the first and final sentences of the arbitrator's opinion, the Board concluded that the arbitrator's opinion provided a "clear statement" that the issue was not arbitrable. The Board ignored, however, the majority of the arbitrator's opinion, in which the merits of the dispute were adjudicated.

We are fully aware that an arbitrator cannot exceed the authority given to him by the collective bargaining agreement or decide matters parties have not submitted to him. See, e.g., Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). Nothing that we say here is intended to depart from that general principle. In this instance, the Union argued that the arbitrator had the authority to resolve the matter and it agreed to be bound by his decision. While Doerfer challenged the arbitrator's authority, the Union urged the arbitrator that the matter was arbitrable. It cannot now change its position simply because the arbitrator reached an unfavorable conclusion on the merits. Enforcement of the Board's order in this case would go

5

against the national policy, favoring the voluntary arbitration of disputes. E.g. Olin Corp., 268 NLRB 573 (1984). A contrary decision would encourage parties to renege upon their agreement to be bound by an arbitrator's decision and to circumvent the grievance procedure by filing an unfair labor practice charge whenever they felt they had a better chance for favorable resolution before the Board.

## CONCLUSION

Accordingly, Doerfer's petition to set aside the Board's order is granted and the decision of the arbitrator is reinstated.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.