**EAGLE ENERGY INCORPORATED, et al., Plaintiffs,**

v.

**DISTRICT 17, UNITED MINE WORKERS OF AMERICA, et al., Defendants.**

No. 2:97–0359.

United States District Court, S.D. West Virginia, Charleston Division.

Dec. 19, 1997.

Daniel L. Stickler, Jackson & Kelly, Charleston, WV, for Plaintiffs.

William D. Ryan, Charleston, WV, Deborah Stern, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the parties' cross motions for summary judgment. After careful consider-

---

ation, the Court **DENIES** Plaintiffs' motion and **GRANTS** Defendants' motion.

## I. FACTUAL BACKGROUND

Plaintiffs Eagle Energy Incorporated and Bandytown Coal Company (the "Companies") move the Court to vacate the remedial portion of a final and binding arbitration award entered by Arbitrator Ira F. Jaffe. Defendants District 17 and Local Union 633 United Mine Workers of America (the "Unions") counterclaim to enforce the award. The action was brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

The parties are signatory to the 1993 National Bituminous Coal Wage Agreement (the "NBCWA"). The NBCWA governs the terms and conditions of employment at the Companies' facilities. Article XXIII of the NBCWA establishes a grievance and arbitration procedure for the mandatory resolution of workplace disputes. The provision also mandates that any decision of an arbitrator will be final and binding upon the parties.

## II. DISCUSSION

█ The labor arbitrator is the "the proctor of the bargain" entered into by contracting parties. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 53, 94 S.Ct. 1011, 1022, 39 L.Ed.2d 147 (1974). His decisions, and the arbitral process as a whole, enjoy a special place in labor jurisprudence. The general principles for the Court to consider in determining whether to enforce an arbitral award were discussed at length in the landmark case of *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), a case originating in this District, and more recently explicated in *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 369, 98 L.Ed.2d 286 (1987):

> Collective-bargaining agreements commonly provide grievance procedures to settle disputes between union and employer with respect to the interpretation and application of the agreement and require binding arbitration for unsettled grievances. In such cases, and this is such a case, the Court made clear almost 30 years ago that

the courts play only a limited role when asked to review the decision of an arbitrator. The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract. 'The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards.' *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 [80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424] (1960). As long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate. *Id.*, at 597 [80 S.Ct., at 1361].

*Id.* (stating also "The reasons for insulating arbitral decisions from judicial review are grounded in the federal statutes regulating labor-management relations. These statutes reflect a decided preference for private settlement of labor disputes without the intervention of government[.]"); *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am.*, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983) (stating "Unless the arbitral decision does not 'dra[w] its essence from the collective bargaining agreement,' a court is bound to enforce the award and is not entitled to review the merits of the contract dispute. This remains so even when the basis for the arbitrator's decision may be ambiguous.") (citations omitted).

A sampling of decisions from our Court of Appeals demonstrates its strict adherence to *Enterprise* and its progeny. *See, e.g., Mountaineer Gas Co. v. Oil, Chem. & Atom. Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 80, 136 L.Ed.2d 38 (1996) (stating "In labor arbitration cases, it is recognized that a reviewing court generally defers to the arbitrator's reasoning."); *Island Creek Coal Co. v. District 28, UMWA*, 29 F.3d 126, 129 (4th Cir.), *cert. denied*, 513 U.S. 1019, 115 S.Ct. 583, 130 L.Ed.2d 497 (1994) (stating "[a]n arbitrator's

award is entitled to special judicial deference on judicial review."); *Norfolk & W. Ry. Co. v. Transp. Communs. Int'l Union,* 17 F.3d 696, 700 (4th Cir.1994) (stating " '[a]s long as the arbitrator is even arguably construing or applying the contract,' the ... award must not be disturbed" and " '[t]he test is not error; it is ultra vires.' ") (quoted authority omitted); *Richmond, Fredericksburg & Potomac R. Co. v. Transportation Communs. Int'l Union,* 973 F.2d 276, 278 (4th Cir.1992) (stating "[j]udicial review of an arbitration award is 'among the narrowest known to the law.') (quoted authority omitted); *Cannelton Indus., Inc. v. District 17, UMWA,* 951 F.2d 591, 593 (4th Cir.1991) (stating "review is extremely limited.").

Our Court of Appeals has stated a special caution where the challenge is to "the merits of an arbitrator's award as made, the standard of justification is much more stringent. Indeed, because such challenges, if undeterred, inevitably thwart the national labor policy favoring arbitration, they must be considered *presumptively unjustified.*" *United Food & Commerc. Workers, Local 400 v. Marval Poultry Co., Inc.,* 876 F.2d 346, 351 (4th Cir.1989) (emphasis added).

Nevertheless, there are limits, albeit circumscribed, on what an arbitrator may do. In *Mountaineer Gas,* the Court of Appeals observed "that arbitration awards may be overturned if the award violates well-settled and prevailing public policy, fails to draw its essence from the collective bargaining agreement or reflects the arbitrator's own notions of right and wrong." *Mountaineer Gas,* 76 F.3d at 608.

The dispute here arbitrated concerned the nature of a brief cessation of work that occurred at the time the Companies, subsidiaries of A.T. Massey Coal Company, purchased a deep mine and preparation plant known as the Van Complex from Eagle Nest, Incorporated. At the arbitration hearing, the Companies contended the cessation should be designated a "layoff," thus triggering recall of laid-off workers in accordance with seniority provisions of the NBCWA. The Unions argued the cessation constituted a temporary "idling" of the work force, and that the Companies were obligated to recall

the idled workers in accordance with the reduction and realignment provisions of the agreement.

Before the arbitrator, both parties had opportunities to present evidence and argument, examine and cross-examine witness, and fully present their cases. The arbitrator subsequently issued a reasoned, extensive decision, containing substantial inquiry into industry practice, past practice at the Van Complex, and review of arbitral decisions. The arbitrator carefully set forth and examined the parties' contentions, evaluated and weighed conflicting evidence, and held in favor of the Unions that the cessation constituted a temporary idling of the work force. While the Court might not necessarily have reached the same conclusion, labor policy and other considerations require the Court to stay its hand. After careful review of the arbitrator's decision and the parties' contentions, the Court cannot conclude the decision fails to draw its essence from the NBCWA, violates some prevailing public policy, or reflects the arbitrator's own notions of right and wrong.

### III. CONCLUSION

The Court **GRANTS** Defendants' motion for summary judgment and **DENIES** Plaintiffs' motion for summary judgment. The Clerk is directed to dismiss this case from the docket.