**GOULDS PUMPS, INC., Petitioner–Appellant,**

v.

**UNITED STEEL WORKERS OF AMERICA and its Local 3298, Respondent–Appellees.**

Docket No. 01–9272.

United States Court of Appeals, Second Circuit.

July 3, 2002.

Louis P. Dilorenzo; Joseph C. Dole, of counsel, Bond, Schoeneck & King, LLP, Syracuse, NY, for Petitioner–Appellant.

Daniel M. Kovalick, Assistant General Counsel; David I. Goldman, Associate General Counsel, on the brief; United Steelworkers of America, AFL–CIO/CLC, Pittsburgh, PA, for Respondent–Appellees.

Present CALABRESI, SACK and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Petitioner-appellant Goulds Pumps, Inc. ("Goulds") appeals an order entered by the United States District Court for the Western District of New York (Siragusa, *J.*), which denied Gould's petition to vacate an arbitrator's award in a dispute between it and United Steelworkers Local 3298 ("Union").

## BACKGROUND

In May 1997, Goulds discontinued and replaced a production-based wage-incentive plan for stockroom employees at its Seneca Falls, New York facility. The Union objected to Goulds' unilateral action and the dispute went to arbitration, purportedly pursuant to the collective bargaining agreement between the parties ("Agreement").

At arbitration, the Union argued that the new wage-incentive plan was improperly implemented and violated various provisions of the Agreement. Goulds' position was that the Agreement gave it the right unilaterally to discontinue and replace wage-incentive plans such as that governing the stockroom employees. Goulds also maintained that the matter was not arbitrable because the Union had failed to follow the proper grievance procedures, which the Agreement set as a precondition of arbitration. In an award dated November 28, 2000, the arbitrator found that the matter was arbitrable and that Goulds had

violated the Agreement when it discontinued the old plan and implemented the new.

Goulds challenged the award in district court, arguing that the arbitrator exceeded his authority under the Agreement and requesting that the award be vacated. The Union filed a counter-petition requesting enforcement of the award. On September 28, 2001, the district court denied Goulds' petition to vacate and granted the Union's counter-petition to enforce the arbitrator's award. This appeal followed.

## DISCUSSION

This court reviews a district court's decision upholding or vacating an arbitration award de novo on questions of law and for clearly erroneous findings of fact. *Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir.1999). The district court's construction of the text of a contract is considered a question of law and is reviewed *de novo*. *NCAS Realty Mgmt. Corp. v. Nat'l Corp. for Hous. P'ships*, 143 F.3d 38, 45 (2d Cir.1998).

Goulds has argued that the district court, in finding that the arbitral award drew its essence from the Agreement, relied on reasons that were different from those in the arbitrator's opinion. There is some tension among the decisions in this circuit as to whether a district court, in determining whether to vacate an arbitration award on the basis of the arbitrator's having departed from the agreement in his or her written opinion, must limit itself to the reasoning expressed in the arbitral opinion or may consider other possible rationales for the award. *Compare Ottley v. Sheepshead Nursing Home*, 688 F.2d 883, 889–90 (2d Cir.1982) (finding that although an arbitrator's award may have relied on an incorrect interpretation of federal statutory law, the outcome "could reasonably have been derived from the terms of the contract itself" and therefore should not be vacated), *with Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261*, 950 F.2d 95, 99 (2d Cir. 1991) (holding that despite "some support" in the agreement for the arbitral award, the court could not "simply ignore the arbitral opinion," which relied on grounds beyond the scope of the agreement, and thus the award was properly vacated). The First Circuit, on the other hand, has squarely considered the issue and found that there is "no problem with upholding the arbitrator's decision on grounds or reasoning not employed by the arbitrator himself." *Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Int'l Bhd. of Teamsters, Local # 379*, 29 F.3d 742, 747 (1st Cir.1994).

■ In the case before us, however, we need not reach the question of whether a district court must restrict itself to the reasons expressed in an arbitrator's opinion when asked to determine whether an award departed from the underlying agreement. Even if the district court's reasoning did stray from that in the arbitral opinion (a question on which we express no opinion), we find that the arbitrator's opinion itself adequately derived from the Agreement.

■ Courts are required to grant an arbitral decision extraordinary deference. *See, e.g., United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."); *Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 31 (2d Cir.1997) ("[A]n arbitration award must be upheld when the arbitrator offer[s] even a barely color-

able justification for the outcome reached." (internal quotation marks omitted) (second alteration in original)).

Regarding the question of arbitrability, the arbitrator clearly stated that the Union was not challenging the replacement plan itself but the procedures by which it was implemented. This was a contractually sufficient justification for the conclusion that the Union followed the proper grievance procedure and that the matter was thus arbitrable.

Regarding the arbitrator's decision on the merits, the district court read the arbitrator (1) as resolving a conflict between various portions of the Agreement in its finding that Goulds could not, under the Agreement, merely terminate the plan but was, instead, required to replace it and (2) as determining that the replacement plan that Goulds instituted did not comply with the Agreement and therefore could not be instituted unilaterally. We find this a plausible reading of an admittedly less than crystalline arbitral opinion. We conclude that the arbitrator's opinion, so read, meets this circuit's requirement of "a barely colorable justification for the outcome reached." *Wackenhut,* 126 F.3d at 31.

We also note the arbitrator's suggestion that Goulds impermissibly withdrew from a contractually established labor-management procedure for implementing new policies and therefore breached the Agreement when it implemented the new plan. This ground too suffices to support the arbitral award and is sufficiently grounded in the Agreement to pass judicial review.[1]

1. The arbitral opinion contains other arguments for the award, which Goulds asserts are improper. To the extent that these are based on extracontractual considerations we must treat them as *dicta,* since the opinion also contains adequate contractual reasons for the award. *See United Steelworkers v.*

We have examined all of appellant's other arguments and find them meritless. Accordingly, we AFFIRM the judgment of the district court.

*Enter. Wheel & Car Corp.,* 363 U.S. 593, 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) ("A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award.").