IKUTA, Circuit Judge,
dissenting in part:
Even arbitrators must be reversed when they turn a blind eye to the language of a collective bargaining agreement (CBA). Here, the arbitrators had to construe Article 19 of the agreement, which said: “[t]he arbitrator shall have no authority to modify or alter the discipline or penalty imposed by the hospital unless it is established by a preponderance of the evidence that there was not just cause for the discipline.” Despite the Union’s ingenious efforts to rewrite this section, there is no getting around its plain meaning: unless someone establishes the absence of just cause by a preponderance of evidence, the arbitrator has no authority to change the hospital’s decision on discipline. Obviously, the hospital did not establish “that there was not just cause”; to do so would be contrary to its position that it had cause for the discipline. Nor did the Union show by a preponderance of the evidence “that there was not just cause.” As a result, under the plain language of the CBA, the arbitrator has no power to change the discipline imposed by the hospital.
To be sure, we cannot reverse an arbitrator’s mistaken interpretation of a CBA if the arbitrator is “even arguably construing or applying the contract and acting ■within the scope of his authority.” United Paperworkers Int’l Union v. Misco, Inc., 484 U.S. 29, 37, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). Thus, we must uphold the decision of the arbitrator in the LeFave matter; she at least explained her wrongheaded interpretation of Article 19. But the arbitrator in the Benedito matter plainly did not do that. After quoting the language of Article 19, he ignored it in favor of his own preferred approach, stating: “The burden of proof is generally held to be on the Employer to prove guilt of wrongdoing, and probably always so where the agreement requires just cause for discipline.” In other words, rather than interpret the CBA, the Benedito arbitrator “dispense[d] his own brand of industrial justice.” United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).
When an arbitrator’s award “does not draw its essence from the collective bargaining agreement and the arbitrator is dispensing his own brand of industrial justice,” we are required to reverse it. S. Cal. Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO, 265 F.3d 787, 792-93 (9th Cir.2001). The majority’s sug- *617 gestión that the arbitrator need only recite the contract terms and not actually apply them, Maj. op. at 616, is contrary to the Supreme Court and our case law, which require the arbitrator to “constru[e] and apply[ ] the contract.” Misco, 484 U.S. at 38, 108 S.Ct. 364; S. Cal. Gas Co., 265 F.3d at 792. Although arbitrators may look for guidance from the industrial common law when the CBA is silent on an issue, SFIC Props., Inc. v. Int’l Assn. of Machinists & Aerospace Workers, Dist. Lodge 94, Local Lodge 311, 103 F.3d 923, 926 (9th Cir.1996), “[w]hen the arbitrator’s words manifest an infidelity” to the plain language of the contract, “courts have no choice but to refuse enforcement of the award,” Enter. Wheel, 363 U.S. at 597, 80 S.Ct. 1358.
Because the Benedito arbitrator did not misread the contract, but clearly and openly ignored it, I would affirm the district court’s vacatur in that matter. I dissent from the majority’s failure to do so.