John P. Cohalan, Jr., J.
By this motion (brought on by order to show cause) the petitioner board seeks to stay arbitration between it and the respondent, Northport Teachers Association on the ground that the power over the matters in controversy has been exclusively delegated by law to the Board of Education and hence are not arbitrable.
The matters at issue concern (1) the elimination of a dental hygiene program, (2) elimination of a summer school program, and (3) denial of sabbatical leave.
As to items (1) and (2) the board claims that by virtue of subdivisions 1, 2, 16 and 33 of section 1709 of the Education Law, they are not arbitrable; and that as to item (3) it cannot be arbitrated because of the recent passage and enactment into law of chapter 124 of the Laws of 1971 which changed the preexisting rule.
As to (1) and (2) the board entered into the agreement with respondent now before the court. Therein the respondent acted as a catalyst between the petitioner and the teachers hired pursuant to subdivision 16 of section 1709 of the Education Law. Items (1) and (2) are specifically mentioned in the agreement.
As to item (3) chapter 124 of the Laws of 1971 is not retroactive, but rather prospective in its operation. It did not impair nor seek to impair the obligations of contract already in being.
In Matter of Long Is. Lbr. Co. (Martin) (15 N Y 2d 380) the court said at page 384: ‘1 It is now a familiar rule that, where a labor agreement contains an arbitration provision, the presumption is that questions of arbitrability are for the arbitrator— ” and further at pages 384 and 385: ‘1 The court, of course, has the function in the first instance of ascertaining whether there is a question, whether it be of procedure or of substance, which requires determination on the merits by the arbitrators (see Steelworkers v. Warrior & Gulf Co., 363 U. S. 574, supra). The court’s function, however, is limited to finding that a dispute, whether tenable or not, does in fact exist. (See CPLR 7501; see, also, Steelworkers v. American Mfg. Co., 363 U. S. 564, 566-567, supra.) Where the court so finds, then, it will *426 be for the arbitrator and not for the court to determine the merits of the dispute itself. In the last analysis, arbitrations are the result of agreements between the parties and they draw their essence from those agreements. It is only where the parties have employed language which clearly rebuts the presumption of arbitrability, e.g., by stating that an issue either as to procedure or as to substance is not to be determined by arbitration, that the matter may be determined by the courts. In the absence of such unmistakably clear language, as here, the matter is sent to the arbitrator for his decision on the merits. (See Steelworkers v. Enterprise Corp., 363 U. S. 593, supra [1960].) ”
The court distinguished Matter of Board of Educ. (Heckler Elec. Co.) (7 N Y 2d 476) on grounds not applicable to the instant situation.
No prohibition against arbitration exists within the Education Law or in the agreement before the court.
The application is denied.
The existing stay is vacated.