ELECTRICAL WORKERS' PENSION TRUST FUND OF LOCAL UNION # 58, IBEW; et al., trust funds established under and administered pursuant to federal law, Plaintiffs,

v.

PASTOR ELECTRIC CONSTRUCTION CO., INC., a corporation incorporated under the laws of the State of Michigan, et al., jointly and severally, Defendants.

No. 90–CV–71258–DT.

United States District Court, E.D. Michigan, S.D.

Jan. 24, 1991.

Sheldon M. Meizlish, Detroit, Mich., for plaintiffs.

Barry A. Steinway, Thav, Gross & Steinway, P.C., Birmingham, Mich., for defendants.

MEMORANDUM OPINION AND ORDER GRANTING IN PART, AND DENYING IN PART, PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

On May 4, 1990, plaintiffs brought this lawsuit to confirm arbitration awards resulting from Pastor Electric Construction Company's ("Pastor Electric") breach of fringe benefit provisions in its collective bargaining agreement with plaintiffs. Plaintiffs also allege that Sheldon Pastor, individually, is the alter-ego of defendant Pastor Electric, and is therefore liable personally for the arbitration awards. On August 16, 1990 plaintiffs filed a Rule 56 motion for summary judgment and argue that no genuine issue of material fact exists concerning either confirmation of the arbitration awards, or the issue of whether Sheldon Pastor is individually liable. Defendants responded to plaintiffs' motion on October 12, 1990. Plaintiffs filed their reply brief on October 22, 1990. On January 23, 1991 oral arguments were held.

ANALYSIS

Plaintiffs, as a result of breaches by Pastor Electric of its collective bargaining agreement with plaintiffs, sought relief through the arbitration process outlined in the collective bargaining agreement. On September 22, 1989 plaintiffs brought a grievance against the corporate defendant pursuant to Section S–4 of Article I of the collective bargaining agreement. This matter was then referred to the Joint Labor–Management Committee for arbitration. On November 10, 1989 a hearing was held on these grievances and the Joint Labor–Management Committee found the corporate defendant "guilty" of the charges specified against it. The Joint Labor–Management Committee issued its awards on November 17, 1989. Plaintiffs request that this court enter a judgment confirming the awards and ordering defendants to so comply.

In defendants' response brief they allege that "Pastor Electric does not dispute that certain fringe benefit contributions due and owing are currently in arrears. Pastor Electric has repeatedly indicated to plaintiffs, and their counsel, that it does wish to pay all benefits due and owing pursuant to the Collective Bargaining Agreement. However, the extent to which Pastor Electric is in arrears and the manner in which this arrearage will be brought current is in dispute." Defendants' Response Brief at p. 2.

In *United Paperworkers v. Misco*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), the Supreme Court stated:

Collective-bargaining agreements commonly provide grievance procedures to settle disputes between union and employer with respect to the interpretation and application of the agreement and requiring arbitration for unsettled grievances. In such cases, and this is such a case, the Court made clear almost 30 years ago that the *courts play only a limited role when asked to review the decision of an arbiter.* The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract. The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the award. *Steel Workers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 [80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424] (1960). As long as the arbiter's award draws its essence from the collective bargaining agreement, and is not merely his own brand of industrial justice, the

award is legitimate. *Id.* at 597 [80 S.Ct. at 1361]. (*United Paperworkers, supra,* 484 U.S. at 36, 108 S.Ct. at 370). (Emphasis added).

■ In the present action there remains no dispute that the arbitration award "draws its essence from the collective bargaining agreement." Because established federal precedent dictates that courts are to provide only a limited role, and are not authorized to reconsider the merits of an arbitration award, this court will confirm the awards of the Joint Labor–Management Committee against corporate defendant Pastor Electric.

■ Plaintiffs also request that this court pierce the corporate veil and hold Sheldon Pastor individually liable for the awards. Plaintiff argues that Pastor Electric is under-capitalized and thus has no identity separate from its owner. In *Laborer's Pension Trust Fund v. Weinberger Homes,* 872 F.2d 702 (1988), the Sixth Circuit stated:

> It is true that there is a presumption that a corporation is a separate entity from its shareholders. (Citations omitted). However, the court can pierce the corporate veil if there are substantial reasons for doing so after weighing (1) the amount of respect given the separate entity of the corporation by its shareholders; (2) the degree of injustice visited on the litigants by recognition of the corporate entity; and (3) the fraudulent intent of the incorporator. (Citation omitted). Factors to be considered include undercapitalization of the corporation, the maintenance of separate books, the separation of corporate and individual finances, the use of the corporation to support fraud or illegality, the honoring of corporate formalities, and whether the corporation is merely a sham. *Id.* at 704–5.

In the case *sub judice,* plaintiffs assert that Pastor Electric's corporate veil should be pierced and its owner, Sheldon Pastor, held personally liable for the arbitration awards. The central thrust of plaintiffs' contention is that after examining the corporate defendant's 1989 Michigan Annual Report, the total capital investment of the corporation was $100.00. Moreover, the corporate defendant had no retained earnings but a retained earnings deficit of $3,043.00 and the stockholders' equity amounted to a negative $7,948.00. Plaintiffs neither allege fraudulent intent on the part of the incorporators, nor that separate books and finances were not maintained by the corporate defendant and Sheldon Pastor. Attached to defendants' response brief is an affidavit by Sheldon Pastor in which he affirms, *inter alia,* that the corporate form of Pastor Electric Construction Company at all times has been respected and that corporate formalities have been observed. Furthermore, Sheldon Pastor affirms that the corporation has always filed its annual tax returns, its Michigan Annual Reports, and has maintained separate books and records.

Although this court is aware that undercapitalization of a corporation is one of several factors to be examined in determining whether to pierce the corporate veil, and "that deference to the corporate identity may be particularly inappropriate in relation to ERISA because Congress enacted ERISA in part to protect employees who were being deprived of anticipated benefits by a corporate sham." In *Laborer's Pension Trust Fund,* 872 F.2d at 705 the court finds that several questions of material fact remain as to whether the corporate veil should be pierced. Among these questions are the following: Whether the corporate defendant maintained separate books and records; whether Pastor Electric was a sham corporation; and whether the corporate structure was not respected. Accordingly, the court will deny plaintiffs' motion for a summary judgment holding Sheldon Pastor individually liable.

## ORDER

ACCORDINGLY, IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment as it pertains to corporate defendant Pastor Electric Construction Company is GRANTED and a judgment confirming these awards shall be entered; and

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment as it pertains to Sheldon Pastor, individually, is DENIED.