PER CURIAM.
This is an appeal by a plumbing contractor, The Bared and Company, Inc. [Bared], from a final judgment entered by the trial court (a) enforcing a decision of a joint labor-management committee as an arbitration award, which committee was established by a collective bargaining agree *212 ment, and (b) awarding damages to the union representing the plumbing contractor’s employees, Plumbers Local Union 519 AFL-CIO [Union], based on the decision of the labor-management committee. We affirm.
First, we conclude that the trial court properly treated the decision of the joint labor-management committee as an arbitration award. The collective bargaining agreement provides that in the event of any dispute between the parties under the said agreement, “the facts of [such dispute] shall be submitted to the Joint Labor-Management Committee for adjustment.” Only where the committee is “unable to settle the dispute or grievance by a majority vote,” (emphasis added) is the committee required to “utilize the services of the Federal Mediation and Conciliation Service”; if an agreement cannot thereafter be reached by the parties through mediation, the matter is required to be submitted to arbitrators selected by the American Arbitration Association [AAA] for binding arbitration. Plainly, the joint labor-management committee is empowered under the collective bargaining agreement to finally adjust any disputes arising under the said agreement; only where the committee is unable to adjust or settle the grievance by a majority vote, are the mediation and AAA arbitration provisions of the agreement triggered. In the instant case, the joint labor-management committee reached a unanimous decision on the issues submitted to it for decision, and, accordingly, under the terms of the collective bargaining agreement (a) neither mediation nor outside arbitration was authorized, and (b) the committee’s decision was entitled to binding effect as an arbitration award. Centex Homes Corp. v. Prestressed Sys., Inc., 444 So.2d 66 (Fla. 3d DCA 1984); Belen School, Inc. v. Higgins, 462 So.2d 1151, 1153 (Fla. 4th DCA 1984).
Second, the decision of the joint labor-management committee was complete and subject to confirmation as an arbitration award because it finally settled all disputed issues submitted to it. The subsequent calculation of damages by the trial court, none of which is disputed, was a ministerial matter as it was based entirely on the committee’s decision. Moreover, the trial court properly accepted the decision rendered by the committee which applied the “high rise” rate of pay through the completion of the subject project. IBEW, Local Union No. 199 v. United Tel. Co., 738 F.2d 1564 (11th Cir.1984); see United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).
Affirmed.