**LOCAL 1829 OF the UNITED MINE WORKERS OF AMERICA, an unincorporated labor organization, Plaintiff,**

**and**

**Local 2410 of the United Mine Workers of America, an unincorporated labor organization, Proposed Intervening Plaintiff,**

**v.**

**ISLAND CREEK COAL COMPANY, a Delaware corporation, Defendant.**

**Civ. A. No. 93–24–E.**

United States District Court,
N.D. West Virginia,
Elkins Division.

Oct. 6, 1993.

**554**

Stanley M. Hostler, Charleston, WV, Barbara Evans Fleischauer, Morgantown, WV, for plaintiff.

John Busch, David E. Thompson, Elkins, WV, Keith Fischler, Lexington, KY, for defendant.

### ORDER

MAXWELL, Chief Judge.

In this action to vacate an arbitration award, defendant's Motion to Dismiss and plaintiff's Motion to Vacate are pending before the Court and are mature for disposition. The case arises from four grievances which were consolidated for hearing and decision before Arbitrator Paul L. Selby, Jr.[1]

The grievances were filed by three separate locals, including the plaintiff.[2]

The grievances arose from the defendant's plan to physically interconnect three mines underground and its decision to operate the resulting combined mines as a single comprehensive mine. The mines are: Laurel Run (represented by plaintiff Local 1829); Dobbin (represented by Local 2410); and North Branch (represented by Local 2478). The controversy centers on the defendant's proposal to combine and merge the seniority units, which previously existed separately at each of the constituent mines, into one comprehensive seniority unit extending over the whole of the single comprehensive operation.

In a Decision and Award dated November 20, 1992, Arbitrator Selby denied the grievances, determining that the defendant may interconnect the three mines, merge the seniority units, and "dovetail" the seniority of the employees in the constituent units on the basis of a 1:1:1 ratio, whereby the most senior working employee of the first mine would be first on the new, combined seniority list, the most senior working employee of the second mine would become second on the new list, and so forth. When all of the active employees of one mine have been exhausted, the process continues until the list of active employees at the other mines have been exhausted. Finally, the seniority of the laid-off workers is ranked in the same 1:1:1 ratio. The plaintiff filed this action to vacate the award.

On July 28, 1993, Local 2410, a party to the underlying grievances, filed a Motion to Intervene in this matter. By Order entered July 29, 1993, the Court took the motion under advisement. Local 2410 was directed to file its pleading in intervention on or before August 18, 1993. An Intervening Complaint was filed on August 18, 1993. Although the parties were provided with an opportunity to respond to the proposed inter-

1. At the time the dispute arose, the parties were signatories to a collective bargaining agreement, the National Bituminous Coal Wage Agreement Between Island Creek Corporation and International Union, United Mine Workers of America of 1988 ("1988 Wage Agreement") which describes the wages, hours, and terms and conditions of employment of the defendant's bargaining unit employees.

2. Article XXIII of the collective bargaining agreement provides that any dispute arising under the agreement is to be resolved under the agreement's grievance and arbitration provision.

vention, the Court has heard no opposition to intervention.

The issue to be resolved, given the limited nature of judicial review in such matters, is whether the arbitrator's award "draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960); *Holcomb v. Colony Bay Coal Co.*, 852 F.2d 792, 795 (4th Cir.1988). All parties to this proceeding concede that the arbitrator's award must be reviewed with this restriction.

The method by which the bargaining units and the seniority of the constituent members would be merged anticipated that the seniority list would be constructed by first exhausting active employees in all three mines and then reverting to laid off employees. The effect of this method can place a laid off employee with seven years of seniority below an active employee from one of the other mines who may have only five years of seniority. Plaintiff, thus, urges that the arbitrator's decision fails to recognize length of service and, therefore, violates Article 17 of the Wage Agreement.

■ In examining the record and the arguments of counsel, the Court must find the arbitrator's award legitimate as long as it draws its essence from the collective bargaining agreement. In reviewing an arbitration award, it is the arbitrator's view of the facts and of the meaning of the contract which is controlling. Courts may not, therefore, hear claims of factual or legal error. A court may not reject factual findings simply because it may disagree with them. The same is true of the arbitrator's interpretation of the contract; an award may not be rejected merely because the arbitrator may have misread or misinterpreted the contract. *United Paperworkers International v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987); *Upshur Coals Corp. v. UMWA, Dist. 31*, 933 F.2d 225, 229 (4th Cir.1991).

■ After careful consideration of these matters, there is no question that the November 20, 1992 Decision and Award under review reflects that the arbitrator thoroughly examined the facts, the collective bargaining agreement, and precedent. Regardless of whether the arbitrator's conclusion is factually or legally correct, the arbitrator's interpretation of the facts and the collective bargaining agreement is conclusive once the Court is satisfied that the arbitrator's decision draws its essence from the contract. These principles have consistently been reaffirmed by the United States Court of Appeals for the Fourth Circuit. *Upshur Coals Corp. v. UMWA, Dist. 31*, 933 F.2d 225 (4th Cir.1991); *see also, Peoples Sec. Life Ins. v. Monumental Life Ins.*, 991 F.2d 141, 145 (4th Cir.1993).

■ The arbitrator's decision in the matter now under consideration does not reflect a failure to interpret the contract or relevant law, and "[b]ecause the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *Misco*, 484 U.S. at 37–38, 108 S.Ct. at 370. The Court must, therefore, decline to vacate the award.[3]

In its Intervening Complaint, Local 2410 asks the Court to remand this action to the arbitrator based upon new evidence which it believes alters the factual predicates upon which the arbitration decision was based. The Court has received no legal authority from the parties which addresses the propriety of remanding an arbitration award based upon newly discovered evidence. Given the dismissal of the primary claim, it must be initially determined whether the Court has subject matter jurisdiction over the Complaint in Intervention. Local 2410 has not identified whether it seeks intervention of

---

**3.** In a supplemental memorandum of law filed May 12, 1993, the defendant urged the Court to consider a decision by the National Labor Relations Board in which it deferred to Arbitrator Selby and refused to charge the defendant with unfair labor practices associated with the merging of the seniority units. Because the unfair labor practice claim before the NLRB is separate and distinct from the contractual claims at issue here, *Upshur Coals*, 933 F.2d at 227, the Court has not relied in any manner upon the decision letter of the NLRB, which was attached to the supplemental memorandum of law.

right, Rule 24(a), or permissive intervention, Rule 24(b). The Court believes that counsel should be given an opportunity to address the legal issues raised and suggested by the Intervening Complaint. Accordingly, it is

ORDERED that plaintiff's Motion to Vacate be, and the same is hereby, DENIED, and that the defendant's Motion to Dismiss be, and the same is hereby, GRANTED. The Clerk of Court shall enter judgment for defendant on the original complaint. It is further

ORDERED that counsel for the proposed Intervenor shall advise the Court, within ten (10) days from the date of this Order, whether Local 2410 intends to pursue its Intervening Complaint. In the event that Local 2410 desires to pursue its Intervening Complaint, counsel for the parties shall meet and confer and, within thirty (30) days from the date of this Order, submit a joint statement to the Court which outlines an appropriate schedule for proceeding in this matter.