8 F.3d 818
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Island Creek Coal Company, Plaintiff-Appellee,
v.
Local Union 1466, United Mine Workers of America; Local
Union 6863, United Mine Workers of America;
District 31, United Mine Workers of
America, Defendants-Appellants.
 
 No. 93-1432.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 8, 1993.
Decided: October 27, 1993.
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.
 Peter D. Dinardi, for Appellants.
 Keith Fischler, Island Creek Coal Company, for Appellee.
 S.D.W.Va.
 AFFIRMED
 Before HAMILTON and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 This appeal presents the question whether an arbitrator's award drew its essence from the collective bargaining agreement between Island Creek Corporation (the Corporation) and the United Mine Workers of America (the UMWA). Because we find that the award ignored the plain language of the applicable agreement, we affirm the district court's decision to vacate the award.
 
 
 2
 The collective bargaining agreement at issue required the Corporation to obtain the written agreement of any lessee, sublessee, or licensee to hire any laid off Corporation employees prior to hiring new workers. Excluded from this requirement, however, were "[l]essees with respect to the coal lands covered by current leases with Island Creek identified to the Union as of January 1, 1987." The UMWA and the Corporation agreed, in writing, that a sublease between Island Creek Coal Company, a Corporation subsidiary, and Delta Mining, Inc. (Delta), was in effect in 1983. The written agreement stipulated that the Delta sublease was exempt from the requirement that the Corporation require Delta to hire laid off Corporation employees prior to hiring new workers.
 
 
 3
 Two laid off Island Creek employees claimed that the exclusion did not apply to the Delta sublease. They pursued their grievance to arbitration. In a two-page decision, the arbitrator found that Island Creek had breached the collective bargaining agreement:
 
 
 4
 by leasing, subleasing, or licensing out coal lands to Delta Mining, Inc. to avoid the application of the collective bargaining agreement and by failing to require Delta Mining to offer employment to the laid off employees of Island Creek.
 
 
 5
 The award stated that the Corporation's technical violation required that laid off employees be made whole for lost wages and benefits.
 
 
 6
 The arbitrator offered no analysis supporting his decision; instead, he merely attached to his award copies of the parties' opening statements and closing briefs.
 
 
 7
 Island Creek then initiated the instant action, praying for injunctive and declaratory relief. The employees' local unions and District 31, UMWA, answered and counterclaimed. The district court determined that the arbitrator "exceeded his authority and ignored the terms of the collective bargaining agreement." The court vacated the arbitrator's decision and denied enforcement of the award. The local unions and District 31 appeal.
 
 
 8
 Although a court's review of an arbitrator's award is extremely limited, Zady Natey, Inc. v. United Food and Commercial Workers Int'l Union, Local 27, 995 F.2d 496, 498 (4th Cir. 1993), an award will not be upheld unless it "draws its essence from the collective bargaining agreement." United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 597 (1960). If an award ignores the plain language of a contract, it does not draw its essence from that contract. United Paperworkers v. Misco, Inc., 484 U.S. 29, 38 (1987); Ficks Reed Co. v. Local 112, Allied Indus. Workers, 965 F.2d 123, 125 (6th Cir. 1992). Further, if the arbitration award does not discuss critical contract terminology, which might reasonably mandate the opposite result, the award cannot draw its essence from the agreement. Clinchfield Coal Co. v. District 28, UMWA, 720 F.2d 1365, 1369 (4th Cir. 1983).
 
 
 9
 In the subject case, the arbitrator's award did not discuss in any fashion the crucial terms of the applicable agreement. Moreover, the award totally ignored the clear and unequivocal language of that agreement, which specified that the sublease in question was exempt from the requirement that the Corporation require sublessees to agree to hire laid off Corporation employees prior to hiring new workers. Accordingly, we affirm the decision of the district court vacating the arbitrator's award.
 
 
 10
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED