Nashua Corp. v. Paper Allied Union     CV-03-503-PB   03/14/05

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Nashua Corporation**

        **v.**                              Civil No. 03-503-PB
                                         Opinion NO. 2005 DNH 043
**Paper, Allied Industrial,**
**Chemical and Energy**
**International Union,**
**Local 1-0270**

### O R D E R

The result in this case is dictated by the applicable standard of review.  This standard does not permit a court to reverse an arbitrator's decision if he has acted within the scope of his authority and has arguably interpreted the contract even if the "court is convinced he committed serious error . . . ." Poland Spring Corp. v. United Food and Commercial Workers Int'l Union, 314 F.3d 29, 33 (1st Cir. 2002), quoting United Paper Workers Int'l Union, AFL-CIO v. Misco, 484 U.S. 29, 38 (1987).

The arbitrator supported his decision with a carefully reasoned 20-page memorandum.  He addressed the evidence produced by the parties during the arbitration hearing and made a good faith attempt to respond to their respective legal arguments.

Although I disagree with his ultimate conclusion that Nashua Corporation lacked the power under the collective bargaining agreement to eliminate coverage for early retirees,[1] I cannot say that his analysis of the evidence and interpretation of the collective bargaining agreement was irrational or that he was attempting to "substitute[] 'his own brand of industrial justice' for what has been agreed to by the parties." Georgia-Pac. Co. v. Local 27, United Paperworkers Int'l Union, 864 F.2d 940, 944 (1st Cir. 1988), quoting United Steel Workers v. Enter. Wheel and Car, 363 U.S. 593, 597 (1960). That ends the matter.

Nashua Corporation's motion for summary judgment (doc. no. 13) is denied and the Union's motion for summary judgment (doc. no. 16) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

March 14, 2005

_____

[1] Although the arbitrator characterized Nashua Corporation's action as a proposal to terminate benefits for early retirees, his decision memorandum makes clear that he understood that Nashua Corporation was proposing to prospectively eliminate benefits for future retirees rather than to terminate benefits that had already become vested.

cc:  David Gottesman, Esq.
      Paul Murphy, Esq.
      James Norton, Esq.
      Vincent Wenners, Jr., Esq.