**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MEDIC AMBULANCE SERVICE,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>NATIONAL EMERGENCY MEDICAL<br>SERVICES ASSOCIATION,<br><br>Defendant - Appellee. | No. 09-15020<br><br>D.C. No. 2:08-cv-01256-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Gregory Hollows, Magistrate Judge, Presiding

Argued and Submitted March 12, 2010
San Francisco, California

Before: HUG and BYBEE, Circuit Judges, and GWIN,[**] District Judge.

Appellant Medic Ambulance Services ("Medic") appeals the district court's

denial of its motion to vacate an arbitration award. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Medic and Appellee National Emergency Medical Services Association ("NEMSA") arbitrated a grievance under their collective bargaining agreement before arbitrator Karen Andres. Arbitrator Andres determined that Medic had improperly terminated employee and NEMSA member Eric Sponsler and ordered his reinstatement with full back pay.

Article IX of the parties' collective bargaining agreement covers discharge and discipline issues and provides that Medic "shall have the right to discharge or suspend or to take other discipline action 'for just cause.'" Meanwhile, Article X sets out the grievance procedure and limits liability as follows: "Liability for back wages, time off accruals or any other economic benefit, shall be limited to three (3) months' pay for the grievance with no reinstatement."

Appellant Medic argues that arbitrator Andres's award of reinstatement and back pay violates this limitation on remedies.

In *Southern California Gas Company v. Utility Workers Union of America, Local 132, AFL-CIO*, 265 F.3d 787, 792 (9th Cir. 2001), we described our extremely narrow review when deciding if an arbitration award should be vacated: "If an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *See also E. Associated Coal Corp. v. Mine*

*Workers*, 531 U.S. 59, 67 (2000) (holding that federal law against use of drugs by transportation employees did not prevent enforcement of arbitration award to reinstate truck driver who had twice tested positive for marijuana).

This limited review exists because "the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987). Therefore, "it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *Id.* In this case, we may only overturn arbitrator Andres's award if the award fails to draw its essence from the collective bargaining agreement. *S. Cal. Gas Co.*, 265 F.3d at 792-93.

Where, as in this case, an arbitrator is required to give meaning to multiple, and arguably conflicting, provisions in an agreement and thus engage in some form of contract interpretation, courts do not second guess her conclusions so long as they are plausible. *See Hawaii Teamsters & Allied Workers Union, Local 996 v. United Parcel Service*, 241 F.3d 1177, 1178 (9th Cir. 2001) (reviewing court's task is to "determine *whether* the arbitrator interpreted the collective bargaining agreement, *not* whether he did so correctly") (emphasis in original); *see also United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598-99 (1960) (holding that reviewing court could not overturn arbitrator's interpretation of contract even where arbitrator applied

3

incorrect principles of law); *Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co.*, 933 F.2d 1481, 1487 (9th Cir. 1991) (holding arbitrators' interpretation of offset clause plausible where alternative reading would "inexplicably and drastically narrow the right of offset to rare and unusual circumstances"); *Hughes Aircraft Co. v. Elec. & Space Technicians, Local 1553*, 822 F.2d 823, 826 (9th Cir. 1987) (affirming arbitrator's decision that existing agreement's seniority provision superceded potentially conflicting supplemental agreement on promotions).

For example, in *Virginia Mason Hospital v. Washington State Nurses Association,* 511 F.3d 908 (9th Cir. 2007), we affirmed the arbitrator's ruling where he identified two inconsistent policies in a collective bargaining agreement and gave priority to one of them. In that case, a hospital unilaterally required nurses to receive flu shots. The hospital argued that a patient care priority clause, management rights clause, past practice clause and a zipper clause justified this requirement. 511 F.3d at 913-14. Responding, the union acknowledged these provisions but claimed that a recognition clause and the collective bargaining agreement's preamble required the hospital to negotiate with the union before unilaterally requiring the vaccinations. *Id.* at 915.

The arbitrator compared the arguably inconsistent policies and found the recognition clause trumped the management rights clause and other clauses. We

affirmed, finding that the arbitrator's choice between inconsistent contract provisions drew its essence from the collective bargaining agreement:

> As the arbitrator described it, "the issue is . . . whether the parties' rights under the Preamble and Article 1.1 supersedes [sic] Article 18.1 management rights." Thus he plainly established the contours of the dispute to be within the terms of the CBA. Although his reading of the management rights clause was narrow, it was not "on its face . . . [im]plausible" because the interpretation "draws its essence from the collective bargaining agreement."

*Va. Mason Hosp.*, 511 F.3d at 914.

In this case, the parties' dispute required arbitrator Andres to interpret two apparently conflicting provisions of the parties' collective bargaining agreement. After receiving evidence, Andres found that employee Sponsler had committed no violation of work rules and that no just cause existed to discipline him. Explicitly recognizing the agreement's requirement of "just cause" for any discipline, Arbitrator Andres determined that a straightforward application of the remedies provision would be "contrary to reason" when an employee was completely innocent of the offense charged. Accordingly, Andres crafted a remedy that drew its essence from the just cause requirements of the contract. Although the agreement provides a conflicting remedy, the parties bargained for Andres's resolution of the conflict, not this court's resolution.

5

Moreover, Andres's interpretation is a plausible one. As she reasoned, straightforward application of the liability clause in this case would make the just cause provision of the parties' agreement illusory. Based on this problem, Andres implicitly interpreted the remedies provision as creating a possible limitation on remedies when the employee had at least committed some violation, but not when the employee was innocent. Therefore, her decision drew its essence from the collective bargaining agreement, and this court must affirm.

Appellant Medic has also failed to demonstrate any error in arbitrator Andres's evidentiary rulings or in her decision to distinguish a prior arbitrator's opinion.

AFFIRMED.