15-1063-cv
*Sutherland Glob. Servs. Inc. v. Adam Techs. Int'l SA de C.V.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand sixteen.

Present:

> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

SUTHERLAND GLOBAL SERVICES, INC.,

> *Petitioner-Appellee*,

v.                                                      No. 15-1063-cv

ADAM TECHNOLOGIES INTERNATIONAL SA DE C.V.,

> *Respondent-Appellant*.

_____

| | |
|---|---|
| For Petitioner-Appellee: | SEAN C. MCPHEE (Edward S. Bloomberg, Spencer L. Durland, *on the brief*), Phillips Lytle LLP, Buffalo, N.Y. |
| For Respondent-Appellant: | JOSEPH KOCZKO, Thompson Hine LLP, New York, N.Y. |

1

**UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2009, Petitioner-Appellee Sutherland Global Services, Inc. ("Sutherland") contracted with Respondent-Appellant Adam Technologies International SA de C.V. ("Adam") to provide Adam call center support services. The parties' resulting Master Service Agreement ("MSA") contained an arbitration clause, which Sutherland invoked after Adam failed to pay for services allegedly rendered by Sutherland for Adam pursuant to the MSA. In 2012, a panel of arbitrators awarded Sutherland $871,109.44. Adam now appeals from (1) a judgment of the United States District Court for the Western District of New York (Telesca, *J.*), entered October 30, 2014, granting Sutherland's petition to confirm an August 2, 2012 arbitration award against Adam; and (2) a March 6, 2015 order by the same court, denying Adam's motion for reconsideration. "We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). We assume the parties' familiarity with the issues on appeal and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

\* \* \*

The Federal Arbitration Act ("FAA") provides four grounds for vacating an arbitration award. *See* 9 U.S.C. § 10(a). One of these grounds, as relevant here, applies "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). When considering a § 10(a)(4) challenge to an arbitral award, "our principal inquiry is 'whether the arbitrator's award draws its essence from the agreement to arbitrate.'" *United Bhd. of Carpenters*

*& Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274 (2d Cir. 2015) (quoting

*ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009)).   Although

the specific grounds for vacatur provided in the FAA are generally exclusive, *see Hall St. Assocs.,*

*L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008), we have nevertheless held that, "as 'judicial gloss

on the specific grounds for vacatur of arbitration awards'" in the FAA, an arbitrator's "manifest

disregard" of the law or of the terms of the arbitration agreement "remains a valid ground for

vacating arbitration awards," *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451–52 (2d Cir.

2011) (quoting *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 340 (2d Cir.

2010)).   "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of

the law bears a 'heavy burden,' . . . as awards are vacated on grounds of manifest disregard only in

'those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is

apparent.'"   *T.Co Metals*, 592 F.3d at 339 (quoting *Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*,

546 F.3d 85, 91–92 (2d Cir. 2008)).   "We apply a notion of 'manifest disregard' to the terms of

the agreement analogous to that employed in the context of manifest disregard of the law."

*Schwartz*, 665 F.3d at 452 (quoting *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*,

126 F.3d 15, 25 (2d Cir. 1997)).   Thus, "[i]f the arbitrator has provided even a barely colorable

justification for his or her interpretation of the contract, the award must stand."   *Id.* (quoting

*Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 222 (2d Cir. 2002) (Sotomayor, J.)).

Adam principally contends that the arbitration panel exceeded its authority, and manifestly

disregarded the terms of the MSA and New York law, by issuing an award in the absence of an

executed Statement of Work ("SOW"), and on the basis of work allegedly performed for Adam's

affiliate.   According to Adam, the MSA explicitly provides that Adam cannot have any obligation

to pay Sutherland under the MSA unless the parties execute an SOW, which the parties never did,

and also expressly stipulates that Adam cannot be held to account for services purportedly rendered for its affiliate. Adam's first challenge fails for the simple reason that the arbitration panel, relying on § 13.2(a) of the MSA regarding payment of "other undisputed amounts," interpreted the MSA not to require an executed SOW as a precondition to Adam's obligation to pay Sutherland for "other undisputed amounts."[1] The arbitration panel also found, as a factual matter, that Sutherland provided services to Adam (not Adam's affiliate) pursuant to the MSA. As we have stated, an arbitrator's "factual findings and contractual interpretation" generally are "not subject to judicial challenge," and we discern no colorable basis in Adam's arguments, which essentially disagree with the arbitration panel's factual findings and interpretation of the MSA, for departing from that general principle and vacating the arbitral award. *Westerbeke*, 304 F.3d at 214.

Adam argues, next, that the arbitration panel exceeded its authority under FAA § 10(a)(4) by ignoring an MSA provision limiting the amount of damages that may be awarded under the MSA. We again discern no basis for vacatur in Adam's argument. Even if we were to agree with Adam that the arbitration panel erred in misconstruing or overlooking the limitation-on-damages provision in the MSA, "[s]ection 10(a)(4) does not permit vacatur for legal errors." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011) (quoting *Westerbeke*, 304 F.3d at 220). To succeed in a § 10(a)(4) challenge to an arbitral award, "[i]t is not enough . . . to show that the panel committed an error — or even a serious error." *Stolt-Nielsen*

---

[1] Section 13.2(a), also referred to as "§ 13 'Payment' (a)," provides that Adam must pay for "undisputed amounts in respect of each invoice delivered pursuant to [§ 13.1] *and/or* any and all *other undisputed amounts* due and for which a payment date or time period is not otherwise specified." J.A. 51 (emphases added). Section 13.1, also referred to as "§ 13 'Invoices,'" in turn involves "invoice[s] . . . under each [SOW]." *Id.* The arbitration panel thus interpreted "invoices based upon Section 13.1" to mean "those involving SOWs," and found that the "statements which [Sutherland] sent to [Adam]" fell under "any and all other undisputed amounts." J.A. 571–72, ¶ 13.

*S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam) (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)). We cannot find Adam's claim of error sufficient to support vacatur under § 10(a)(4).

Finally, we do not consider Adam's contention that vacatur is warranted because the arbitration panel was improperly constituted, as we find that contention barred by issue preclusion. Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)). In an earlier proceeding involving Adam and Sutherland, Adam made the same challenge (along with several very similar challenges) to the arbitrator-selection process, and the Fifth Circuit rejected the challenge on the grounds that (1) it posed a "procedural question[]" that the law presumes is for arbitrators, not courts, to decide, *Adam Techs. Int'l S.A. de C.V. v. Sutherland Glob. Servs., Inc.*, 729 F.3d 443, 451–53 (5th Cir. 2013) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)); and (2) the district court properly declined to reach the merits of Adam's challenge because it lacked statutory authority to do so "after the arbitration process had proceeded but 'prior to issuance of the arbitral award,'" *id.* at 452 (quoting *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 489 (5th Cir. 2002)). Since "each of two alternative, independent grounds for a prior holding is given effect" in this Circuit for purposes of issue preclusion, *Purdy v. Zeldes*, 337 F.3d 253, 258 n.6 (2d Cir. 2003), we find the first ground given by the Fifth Circuit to be "a valid . . . determination essential to [that] judgment" that bars Adam from relitigating the issue

whether courts may entertain challenges to the arbitrator-selection process, *Taylor*, 553 U.S. at 892.

We have considered Adam's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
