**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MERCY MEDICAL CENTER,

Plaintiff-Appellant,

v.

OREGON NURSES ASSOCIATION,

Defendant-Appellee.

No. 16-35435

DC No. CV 15-0699 PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted May 16, 2018[**]
Portland, Oregon

Before: TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Mercy Medical Center ("Mercy") appeals the district court's confirmation of

an arbitration award in favor of Oregon Nurses Association ("ONA"). Mercy, an

acute care hospital, and ONA, the union representing nurses who work there, were

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

parties to a collective bargaining agreement ("CBA"). Mercy terminated a nurse for violating its patient confidentiality rule because its discipline policy listed certain violations of that rule as grounds for immediate termination. The arbitrator agreed that the nurse violated the rule, but found that the nurse's violation was not serious because it was done for reasons the nurse genuinely believed to be job-related. The arbitrator ultimately concluded the nurse's termination was not supported by "just cause," as required under the CBA, and so ordered reinstatement. The district court denied Mercy's motion to vacate the award and instead granted ONA's motion to confirm.

"We review de novo a district court's decision confirming an arbitration award." *Haw. Teamsters & Allied Workers Union, Local 996 v. United Parcel Serv.*, 241 F.3d 1177, 1180 (9th Cir. 2001). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"[C]ourts reviewing labor arbitration awards afford a 'nearly unparalleled degree of deference' to the arbitrator's decision." *Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 530 (9th Cir. 2016) (quoting *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers*, 886 F.2d 1200, 1204–05 (9th Cir.1989) (en banc)). "[T]he appropriate question for a court to ask when determining whether to

enforce a labor arbitration award interpreting a collective bargaining agreement is a simple binary one: Did the arbitrator look at and construe the contract, or did [s]he not?" *Id.* at 532.

Here, the record confirms that she did. The arbitrator was asked to determine whether there was "just cause" to terminate the nurse. She concluded there was not by looking at and construing the terms of the CBA and Mercy's policies, which the parties agree are part of the CBA.

Thus, this is not the rare case where an award must be vacated because it "fails to 'draw its essence from the collective bargaining agreement,' such that the arbitrator is merely 'dispensing [her] own brand of industrial justice.'" *Id.* at 530 (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)) (alterations omitted).

The arbitrator did not ignore any plain language in the CBA or Mercy's policies. "To the contrary, [s]he listed all of them . . . and [s]he devoted entire sections of [her] decision to analysis of [them]." *Va. Mason Hosp. v. Wash. State Nurses Ass'n*, 511 F.3d 908, 914 (9th Cir. 2007). Similarly, the arbitrator did not disregard any clear mandate from Mercy's discipline policy that termination was the bargained-for penalty here. Instead, she determined that the employer's policy did not "[s]upercede" the "just cause" requirement. She therefore analyzed the

3

type of violation committed here in light of this general "just cause" requirement and the employer's policy, which set the penalty for serious rule violations at immediate termination.

While Mercy may disagree with this interpretation, "the fact that an arbitrator arguably misinterpreted a contract does not mean that [s]he did not engage in the act of interpreting it.  As bears repeating, 'so far as the arbitrator's decision *concerns* construction of the contract, the courts have no business overruling [her.]'" *Haw. Teamsters*, 241 F.3d at 1183 (quoting *Enter. Wheel*, 363 U.S. at 599).

Given the deference owed to a labor arbitrator's decision, and the record showing the arbitrator here faithfully executed her duties, the district court's decision confirming the award is **AFFIRMED.**